440 A.2d 574

**COMMONWEALTH of Pennsylvania,**

v.

**Morris LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed Jan. 19, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WIEAND and SHERTZ,* JJ.

SHERTZ, Judge:

Appellant, Morris Lee, was convicted in a non-jury trial of retail theft.[1] In this appeal from Judgment of Sentence, Appellant asserts that the lower court erred in failing to grant his motion to discharge, based on the Commonwealth's failure to bring Appellant to trial within the period mandated by Pa.R.Crim.P. 62.[2] We have carefully examined the record and, since we find no prejudicial error demonstrated therein, we affirm.

---

* Decision was rendered prior to SHERTZ, J. leaving the bench of the Superior Court of Pennsylvania.

1. 18 Pa.Cons.Stat.Ann. § 3929(b)(1)(i) (Purdon 1976) which states in pertinent part:
   (b) Grading.
   (1) Retail theft constitutes a:
   (i) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

2. Pa.R.Crim.P. 51, which sets forth the means of instituting proceedings in summary cases, states that when a defendant is arrested without a warrant, the case shall proceed under Pa.R.Crim.P. 62 which provides:
   Procedure in Summary Cases Initiated by Arrest Without Warrant
   (a) When a defendant has been arrested for a summary offense without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a citation shall be filed against him.
   (b) Except where otherwise provided in paragraph (c), the defendant shall be given an immediate trial or, upon his request, the

On December 28, 1979, Appellant was arrested without a warrant and arraigned for the theft of an item whose cost was $10.33. The complaint filed by the arresting officer charged Appellant with Retail Theft F–3.[3] At the preliminary arraignment, the judge noted there were no prior convictions for retail theft and listed the case for summary trial in the Philadelphia Municipal Court. Thirty-eight days later, on February 4, 1980, Appellant was tried and convicted in Municipal Court of retail theft as a summary offense. An appeal was taken to Common Pleas Court and argument was heard on the motion to dismiss based on the violation of Rule 62. The motion was denied and the court convicted Appellant of retail theft.[4]

Assuming arguendo that Rule 62 applies,[5] our examination of the record indicates that the asserted error did not prejudice Appellant. Appellant does not contend that he

defendant shall be given the opportunity of posting security for his appearance at trial on a date which shall not be less than three (3) nor more than ten (10) days after his appearance, unless extended for cause shown, or unless the issuing authority fixes an earlier date upon request of the defendant or his attorney with the consent of the police officer.

(c) Trial may be delayed when the defendant's criminal record must be ascertained prior to trial as specifically required by statute for purposes of grading the offense charged. In such event, the defendant shall be given the opportunity of posting security for appearance at trial on a date which shall not be less than three (3) nor more than ten (10) days after the issuing authority's receipt of the required information, unless extended for cause shown, or unless the issuing authority fixes an earlier date upon request of the defendant or his attorney, with the consent of the police officer.

3. 18 Pa.Cons.Stat.Ann. § 3929(b)(1)(iv) (Purdon 1976) which states:
(b) Grading.
(i) Retail theft constitutes a:
. . . .
(iv) Felony of a third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

4. In appeals from a conviction in a summary proceeding, the Court of Common Pleas conducts a trial de novo. Pa.R.Crim.P. 67.

5. In view of our disposition of this case, we need not determine whether Appellant was arrested for retail theft as a summary offense or retail theft as a felony of the third degree.

was prejudiced by the thirty-eight day lapse between the preliminary arraignment and his trial. Rather, despite the absence of any assertion or showing of prejudice, Appellant argues that the violation of Rule 62, per se, warrants dismissal of the charges against him.[6] We disagree and conclude, instead, that the delay, although it is to be condemned, was harmless inasmuch as no prejudice to Appellant was shown to have resulted from the failure of the Commonwealth to comply with the requirements of Rule 62. *See, e.g., Commonwealth v. Andrews*, 285 Pa.Super.Ct. 100, 103, 426 A.2d 1160, 1162 (1980); *Commonwealth v. Paskings*, 447 Pa. 350, 354, 290 A.2d 82, 84 (1972).

Judgment of sentence affirmed.

---

**6.** Appellant attempts to analogize a violation of Rule 62 to a violation of Rule 1100. This analogy is inapt. Rule 1100(f) explicitly provides for the remedy of discharge where the Commonwealth fails to bring a defendant to trial promptly. Rule 62 contains no such remedy.