462 A.2d 272

**COMMONWEALTH of Pennsylvania**

v.

**Robert M. TAVIANINI, Appellant.**

Superior Court of Pennsylvania.

Submitted March 2, 1983.

Filed July 1, 1983.

Leonard N. Zito, Bangor, for appellant.

John F. Spirk, Jr., Assistant District Attorney, Easton, for Commonwealth, appellee.

Before CERCONE, President Judge, and CAVANAUGH and WIEAND, JJ.

WIEAND, Judge:

Robert M. Tavianini was convicted of operating a motor vehicle at a speed of 95 miles per hour in violation of the 55 miles per hour speed limit established by the Vehicle Code, 75 Pa.C.S. § 3362(a)(2). After a post trial motion in arrest of judgment had been denied, Tavianini appealed to this Court contending that the district justice had violated Pa.R. Crim.P. 55–2(a) by failing to hold a trial within ten days after the entry of Tavianini's plea of not guilty. We affirm the judgment of sentence.

Pa.R.Crim.P. 55 is applicable to trials in summary cases following commencement of the action by issuing a citation. It provides as follows:

The issuing authority, upon receiving a plea of not guilty, shall:

1. Make note thereof upon the docket and fix a time certain for trial.

2. Notify the defendant and the police officer of the day and hour fixed for the trial as follows:

   (a) *If the defendant appears personally, the issuing authority shall set security and fix the day and hour for trial which shall be not less than three nor more than ten days after his appearance, unless extended for cause shown,* or unless the issuing authority fixes

an earlier date upon request of the defendant or his attorney with the consent of the police officer.

(b) If the defendant enters his plea by mail, he shall be notified of the day and hour fixed for his trial by certified mail, return receipt requested. The date set shall be not less than twenty days from mailing of said notice of trial, unless the issuing authority fixes an earlier date upon request of the defendant or his attorney, with the consent of the police officer.

(c) Advise the defendant that if he fails to appear for trial, he shall be deemed to have consented to a trial in his absence, and if he is found guilty, the security which he has posted shall be forfeited. (Emphasis added.)

Following the issuance of a citation in the instant case, appellant appeared before the issuing authority on July 7, 1981. On that day, he entered a plea of not guilty, and the district justice fixed July 24, 1981 as the date for trial. The record does not disclose the reason, if any, for the district justice's inability to schedule the trial within ten days. The record also does not disclose that appellant objected to a trial date seventeen days after the entry of his plea. At the time of trial before the district justice, however, he moved to dismiss the action because of an alleged violation of Pa.R.Crim.P. 55-2(a). His motion was denied by the district justice who, after hearing the evidence, found appellant guilty. The alleged untimeliness of the trial was preserved in an appeal to the Court of Common Pleas of Northampton County and in a post trial motion in arrest of judgment after appellant had been adjudged guilty following trial de novo.

Pa.R.Crim.P. 55, unlike Pa.R.Crim.P. 1100, does not provide for dismissal or for any other specific remedy if a trial is not held by the issuing authority within the time allowed. In this respect, Rule 55 is like Pa.R.Crim.P. 57(b)(1)(i) which regulates summary proceedings following the issuance of a summons and which requires a trial in not less than three nor more than ten days after a defendant has appeared and entered a plea of not guilty.

In *Commonwealth v. Brogan,* 270 Pa.Super. 197, 411 A.2d 248 (1979),[1] where trial had not been held in compliance with Pa.R. Crim.P. 57(b)(1)(i), this Court held that discharge of the defendant was not an appropriate remedy "absent a showing of prejudice." The decision in *Brogan* is controlling of the instant appeal. See also and compare: *Commonwealth v. DeCosey,* 246 Pa.Super. 412, 371 A.2d 905 (1977). Although the date fixed for appellant's trial before the district justice was seventeen days after his appearance to enter a plea of not guilty, the delay was not so egregious as to compel appellant's discharge absent a showing of prejudice. Appellant has not demonstrated that he has been prejudiced in any manner. He was not incarcerated during the delay, was not hampered in gathering evidence and, in fact, did not object to the trial date set by the district justice until he appeared on that date ready to proceed to trial. Under these circumstances, the trial court correctly held that substantial compliance with Rule 55 had been achieved and that appellant's discharge was not warranted.

Judgment of sentence affirmed.

---

1. A petition for allowance of an appeal to the Supreme Court was denied on December 28, 1979.