515 A.2d 977

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles Joseph OELER, Appellee.**

Superior Court of Pennsylvania.

Argued March 20, 1986.

Filed Oct. 2, 1986.

282

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

Gary G. Gentile, Pittsburgh, for appellee.

Before BROSKY, MONTGOMERY and HESTER, JJ.

BROSKY, Judge:

■ This appeal is from the order granting appellee's petition for writ of habeas corpus and dismissing the case against appellee.[1]

Appellant, the Commonwealth, contends that: (1) the court below erred when it ruled that the complaint against appellee was not timely filed; and (2) even if the complaint was not timely filed, the complaint should not have been dismissed because appellee did not show any prejudice to his rights resulting from the untimely filing.

We agree with the Commonwealth's first contention and, accordingly, reverse the order of the court below and reinstate the complaint against appellee.

On February 23, 1985, appellee was arrested for driving under the influence. Appellant was then released from custody. A complaint was filed against appellee on Febru-

1. The Commonwealth may appeal from an order discharging a defendant upon a writ of habeas corpus. *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980).

ary 28, 1985. On April 12, 1985, a preliminary hearing was held before a district magistrate. At that time, appellee moved to dismiss the complaint on the basis that it was untimely filed under Pa.R.Crim.P. 130(d). The district justice denied the motion and held appellee for court. After the Commonwealth charged appellee by information with the offense of driving under the influence, he filed, on May 2, 1985, a motion for a writ of habeas corpus. A hearing was held on May 8, 1985, at which time the court below granted appellee's motion on the basis that the complaint had been untimely filed under Pa.R.Crim.P. 130(d). This appeal timely followed.

The Commonwealth first argues that the court below erred when held that the complaint had been untimely filed. Pa.R.Crim.P. 130 provides in relevant part that:

Rule 130. Procedure in Court Cases Initiated by Arrest Without Warrant

. . . . .

(b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

. . . . .

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

Since, in the instant case, the arresting officer followed the procedure of Rule 130(b) on February 23, 1985, Rule 130(d) required that a complaint be filed within five days of that date. The lower court in holding that the complaint was untimely filed stated the following:

For the purpose of Rule 130 the Commonwealth had five full days to issue the complaint and summons. Those days were February 23, 24, 25, 26 and 27.

The complaint and summons were not issued until February 28, the sixth day. For this reason this Court had no choice but to grant the relief requested by Defendant.

The Commonwealth, however, contends that Rule 130(d) should be construed according to 1 Pa.C.S. § 1908, and that if it is so construed, the filing of the complaint on February 28 did not violate Rule 130(d). We agree with the Commonwealth on both points.

1 Pa.C.S. § 1908 provides the following:

Computation of time

*When any period of time is referred to in any statute, such period* in all cases, except as otherwise provided in section 1909 of this title (relating to publication for successive weeks) and section 1910 of this title (relating to computation of months) *shall be so computed as to exclude the first and include the last day of such period.* Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

(emphasis added).

■ The Rules of Criminal Procedure are to be construed "as nearly as may be in consonance with the rules of statutory construction," Pa.R.Crim.P. 2. Moreover, both this Court and our state Supreme Court have construed time periods for a speedy trial under Pa.R.Crim.P. 1100 in accordance with § 1908. See *Commonwealth v. Wade,* 457 Pa. 399, 380 A.2d 782 (1977); *Commonwealth v. Walls,* 303 Pa.Super. 284, 449 A.2d 690 (1982).[2] Thus, we have no

---

2. We note that in another Commonwealth appeal involving Rule 130(d), *Commonwealth v. Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985), this Court made a statement which appears to be inconsistent with computing the time period of the rule in accordance with § 1908. The Court stated the following in its recitation of the facts:

hesitation whatsoever in agreeing with the Commonwealth that the time period of Rule 130(d) should be construed according to § 1908.

In the instant case, such a construction requires that the five day time period of Rule 130(d) be computed so as to exclude the day of appellee's release, February 23, 1985. Thus, a timely filing could have been made on any one of the five succeeding days, February 24 through February 28. Since the complaint was filed on February 28, we agree with the Commonwealth that it was filed within the five day period specified by Rule 130(d).[3]

> Appellee-Revtai was *arrested on May 25, 1983* and charged with driving under the influence. 75 Pa.C.S.Sec. 3731. Appellee was not immediately taken before the issuing authority, but was released without arraignment pursuant to Pa.R.Crim.P., Rule 130(b), 42 Pa.C.S. *A complaint was filed on May 31, 1983 six days after the arrest.*
> (emphasis added).
> However, May 30, 1983, the last day of the time period as calculated pursuant to § 1908, was Memorial Day, a legal holiday. Under § 1908, it therefore should have been omitted from the computation. Thus, if the time period of Rule 130(d) is calculated in accordance with § 1908, May 31, 1983 was the fifth rather than the sixth day after the arrest.
> The Commonwealth, however, did not raise in *Revtai* the issue of the proper method of computing the time period. Rather, it contended only that the case should not have been dismissed because the defendant had failed to demonstrate any prejudice to his rights from the untimely filing. Thus, even if the *Revtai* court had been aware that the complaint had been timely filed under Rule 130(d) as construed in accordance with § 1908 (it may not have been so aware since the issue was not raised), it could not have reversed the lower court's order on that basis. See *Commonwealth v. Hughes,* 468 Pa. 502, 364 A.2d 306 (1976) (courts may not raise issues *sua sponte*). The *Revtai* court's passing remark that May 31, 1983 was the sixth day after the arrest was, therefore, at most dicta and was not impliedly a binding holding that the time period of Rule 130(d) should not be construed in accordance with § 1908.

> **3.** Given our resolution of this issue, we need not address the second issue raised by the Commonwealth. We note that that issue was decided contrary to the Commonwealth in *Commonwealth v. Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985) and *Commonwealth v. Press,* 493 Pa.Super. 507, 493 A.2d 705 (1985). However, our Supreme Court granted petitions for allowance of appeal in both of those cases and the issue is now pending before that Court. The issue is also before an en banc panel of this Court in *Commonwealth v. Schimelfenig,* No. 2392 Philadelphia, 1985 (argued 6/30/86).

We must, therefore, conclude that the court below erred in granting appellee's petition for writ of habeas corpus and dismissing the case against him. Accordingly, we reverse the order of the court below and reinstate the complaint against appellee. Jurisdiction relinquished.