522 A.2d 605

COMMONWEALTH of Pennsylvania, Appellant,

v.

Kerry SCHIMELFENIG, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Thomas W. HALL, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

James MARTIN, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

David EVANS, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Bruce T. BEVELACQUA, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Vernon Dale HALL, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

William HOBAN, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

David V. KOHUT, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Duane ROBBINS, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Richard WILSON, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Thomas MERRIGAN, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Eugene CURTIS, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

James W. ROONEY, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

Paul BREZA, Appellee.

COMMONWEALTH of Pennsylvania, Appellant,

v.

William KIRK, Appellee.

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed March 6, 1987.

Ernest D. Preate, District Attorney, Scranton, for Com., appellant.

Charles Winaconis, Scranton, for Thomas Hall, Vernon Hall, William Hoban, David V. Kohut, Paul Breza and William Kirk, appellees.

Stuart Suss, District Attorney, amicus curiae, West Chester.

Before CIRILLO, President Judge, and WICKERSHAM, BROSKY, McEWEN, OLSZEWSKI, MONTEMURO, BECK, KELLY and JOHNSON, JJ.

OLSZEWSKI, Judge: *

The Commonwealth appeals from orders of the Court of Common Pleas of Lackawanna County dismissing fifteen complaints of driving under the influence of alcohol. In each case, the orders of dismissal were based upon two panel decisions of this Court, *Commonwealth v. Press*, 342 Pa.Super. 507, 493 A.2d 705 (1985), *allocatur granted*, 509 Pa. 534, 505 A.2d 251 (1986), and *Commonwealth v. Revtai*, 343 Pa.Super. 149, 494 A.2d 399 (1985), *allocatur granted*, 509 Pa. 496, 503 A.2d 932 (1986). Because each appeal calls into question the legitimacy of *Press* and *Revtai*, these fifteen cases were consolidated and certified for en banc review. Having reviewed the issues raised here and the rationale underlying the aforementioned cases, we expressly overrule *Press* and *Revtai*. Consequently, we reverse the orders before us and remand the cases for reinstatement of the complaints.

## I.

Each appellee was arrested sometime between 1984 and 1985 for driving under the influence, 75 Pa. Cons.Stat.Ann. Sec. 3731 (Purdon 1977 & Supp.1986). Each appellee was also released by the arresting officer without having been arraigned, a procedure authorized by Rule 130(b) which provides:

> (b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or

* This case was reassigned to this author on January 23, 1987.

controlled substances, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority.

Pa.R.Crim.P. 130(b). Where a defendant is released under that provision, the arresting officer is required to file a criminal complaint as follows:

(d) When a defendant is released pursuant to paragraphs (b) or (c), a complaint shall be filed against the defendant within five (5) days of the defendant's release. Thereafter, a summons, not a warrant of arrest, shall be issued and the case shall proceed as provided in Rule 110.

Pa.R.Crim.P. 130(d). In each of the fifteen cases before us, the Commonwealth failed to comply with the five-day limitation of Rule 130(d); the complaints were filed anywhere between six and fifty-five days after the arrests. The Court of Common Pleas dismissed the complaints based upon *Press* and *Revtai* wherein we held that dismissal of charges was mandated for a violation of the five-day limitation. The Commonwealth now argues: (1) that appellees have waived the Rule 130(d) argument by failing to preserve it at the first instance and, alternatively, (2) that absent a showing of prejudice by appellees, dismissal of charges is an inappropriate remedy for a Rule 130(d) violation.

Before examining the merits of these claims, it is necessary to first review the relevant case law.

## II.

This Court was first called upon to determine the effect of a Rule 130(d) violation in *Commonwealth v. Press, supra,* wherein we concluded that "(t)he word 'shall' contained in the first sentence of Pa.R.Crim.Pro. 130(d) is couched in mandatory terms and the only sanction available is the dismissal of the charges against the defendant." *Press,* 342 Pa.Super. at 510, 493 A.2d at 706. In making that determination, the *Press* court declined to apply the

remedial rule contained in Chapter 100 of the Criminal Procedure Rules:

**Rule 150. Defects in Form, Content, or Procedure— Court Cases**

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, summons, or warrant, or a defect in the procedures of this Chapter, unless the defendant raises the defect before the conclusion of the preliminary hearing and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 150. Ordinarily, Rule 150 would apply to a violation of Rule 130(d) since Rule 130 is part of Chapter 100. The *Press* court concluded, however, that "(t)he failure to file a criminal complaint within the time limitation prescribed by Pa.R.Crim.Pro. 130(d) is not a procedural defect such as to be governed by Pa.R.Crim.Pro. 150. Therefore, appellee was not required to show actual prejudice before the information against her could be dismissed." *Press*, 342 Pa.Super. at 510, 493 A.2d at 706.

In *Commonwealth v. Revtai, supra,* this Court expounded on the conclusion reached in *Press*. In particular, the *Revtai* court determined that the specific time constraint of Rule 130(d) controlled and was an exception to the broad and general provision of Rule 150. *Revtai*, 343 Pa.Super. at 153, 494 A.2d at 401. Relying upon the legislative history of Rule 130, the *Revtai* court also concluded that the language of Rule 130(d) was mandatory and not merely directive:

The legislative history, preceding enactment of Rule 130, is most instructive. Rule 130 was originally adopted as Pa.R.Crim.P., Rule 118, 42 Pa.C.S. in 1964 and has been amended four times before achieving its present form in 1981. In its initial form, the rule provided only that a defendant was to be taken promptly before the proper issuing authority and an immediate preliminary arraignment held. The rule was amended to provide for a defendant's release in certain instances, pending the

filing of a complaint. The amended rule did not impose a time limit for filing the complaint nor mandate sanctions for unnecessary delay in filing. Case law, interpreting the rule in this form, reviewed the standard of unnecessary delay in view of the reasons for delay balanced against substantive prejudice to a defendant.

The most recent amendment to Rule 130 provides a clear and uniform requirement for the courts to apply. The evolution of the rule effectuates a legislative and judicial policy toward eliminating guesswork as to what constitutes "unreasonable delay." The rule unequivocally establishes five days from the date of a defendant's release as a time limit for the issuance of a criminal complaint.[2]

[2] See "Discussion of Proposed Amendments", Pennsylvania Bulletin Vol. 11, No. 5, Saturday, January 31, 1981, p. 497:

The Committee was concerned, however, that this portion of present Pa.R.Crim.P. 130(b) is not entirely clear that a complaint should be filed promptly after a defendant is released.... To avoid misinterpretation the Committee agreed that a specific time period should be established for filing a complaint....

Revtai, 343 Pa.Super. at 152–153, 494 A.2d at 401. Consequently, the Revtai court dismissed the charges of driving while under the influence because the complaint was filed on the sixth day following the arrest and release of the defendant. Revtai, 343 Pa.Super. at 153, 494 A.2d at 401.[1]

The Revtai decision was subsequently expanded in Commonwealth v. Hatcher, 345 Pa.Super. 481, 498 A.2d 925 (1985), allocatur granted, 510 Pa. 534, 510 A.2d 721 (1986), wherein this Court stated that "(t)he sanction for the Commonwealth's violation of the five day deadline is dismissal of the charges unless the Commonwealth can show due diligence in the face of the violation." Hatcher, 345 Pa.Super. at 484, 498 A.2d at 927.

The Hatcher decision, in turn, was expanded in Commonwealth v. Hagerman, 358 Pa.Super. 253, 258, 517 A.2d 189, 191 (1986), wherein this Court concluded that if the dismis-

1. This Court has subsequently addressed the method of computing the five-day time limitation of Rule 130(d). See Commonwealth v. Oeler, 357 Pa.Super. 281, 515 A.2d 977 (1986).

sal of an initial complaint was due to lack of due diligence by the Commonwealth, a second complaint could only be filed within five days of the defendant's release by the officer.

After much study and reflection, we are convinced that the *Press* and *Revtai*[2] decisions incorrectly construed the Rules of Criminal Procedure, ignore the history and spirit of the Rules, and have no basis under case law. Consequently, we are constrained to expressly overrule both decisions.

## III.

■ In each of the fifteen cases before this Court, the Commonwealth does not contest the fact that the complaints were filed beyond the five-day time limitation of Rule 130(d). Faced with a similar circumstance, the *Press* court concluded that dismissal of the charges was required ostensibly because the word "shall" contained in Rule 130(d) was to be given mandatory effect. *Press*, 342 Pa.Super. at 510, 493 A.2d at 706. We find that the reasoning in *Press* is flawed. Decisions both prior and subsequent to the effective date of Rule 130(d) have held that similar rules of procedure, containing the same "mandatory" language, should not be enforced with dismissal of charges in the absence of prejudice to the defendant. *See Commonwealth v. Young*, 318 Pa.Super. 538, 544, 465 A.2d 684, 687 (1983) (Pa.R.Crim.P. 130(a); no discharge where defendant failed to show prejudice by delay in arraignment); *Commonwealth v. Tavianini*, 315 Pa.Super. 434, 462 A.2d 272 (1983) (former Pa.R.Crim.P. 55; dismissal unwarranted for failure to fix trial date within time limitations); *Commonwealth v. Lee*, 294 Pa.Super. 495, 440 A.2d 574 (1982) (former Pa.R. Crim.P. 62; absent showing of prejudice, no dismissal for delay between time of arraignment and trial); *Commonwealth v. Andrews*, 285 Pa.Super. 100, 103–104, 426 A.2d 1160, 1162 (1981) (Pa.R.Crim.P. 303; no discharge for delay

2. As the author of *Revtai*, I acknowledge now that that decision was incorrect.

between the filing of information and arraignment absent showing of prejudice); *Commonwealth v. Brogan*, 270 Pa. Super. 197, 200–201, 411 A.2d 248, 249 (1979) (former Pa.R. Crim.P. 57; absent showing of prejudice, discharge not mandated for delay in setting date for trial); *Commonwealth v. DeCosey*, 246 Pa.Super. 412, 371 A.2d 905 (1977) (discharge not warranted for delay in conducting preliminary hearing where defendant was not incarcerated, failed to timely object and failed to show prejudice). *See also Commonwealth v. Maxwell*, 329 Pa.Super. 409, 413, 478 A.2d 854, 855–856 (1984) (defendant must show prejudice by delay between time of incident and arrest to support claim of due process violation). Even a violation of the judicially created six-hour rule for preliminary arraignments, designed to enforce what is now Pa.R.Crim.P. 130(a), will not be remedied with a dismissal. *See Commonwealth v. Devan*, 338 Pa.Super. 95, 487 A.2d 869 (1985); *Commonwealth v. Gregory*, 309 Pa.Super. 529, 536, 455 A.2d 1210, 1213 (1983); *Commonwealth v. Beatty*, 281 Pa.Super. 85, 90–91, 421 A.2d 1159, 1162 (1980); *Commonwealth v. Hailey*, 470 Pa. 488, 508–509, 368 A.2d 1261, 1271–1272 (1977). To construe the language of Rule 130(d), as the Court did in *Press*, is to ignore years of precedent which cannot be so hastily disregarded.

Further support for the directory, not mandatory, effect of Rule 130(d) is found in the history of Rules of Criminal Procedure. The *Revtai* court quoted from the Committee Report to amended Rule 130 in support of the conclusion that "(t)he rule unequivocally establishes five days from the date of a defendant's release as a time limitation for the issuance of a criminal complaint." *Revtai*, 343 Pa.Super. at 153, 494 A.2d at 401, *citing*, Report of the Criminal Procedural Rules Committee, "Discussion of Proposed Amendments, New Pa.R.Crim.P. 130(d)," *Pennsylvania Bulletin*, Vol. 11, No. 5, at 497 (Jan. 31, 1981). Although an isolated reading of the history of Rule 130 appears to support the *Revtai* holding, a contrary result is reached after a more extensive review of amended Rule 130, and the Committee Reports accompanying the amendments to that Rule. In-

deed, Rule 130(d) has had a profound effect throughout the Criminal Procedure.

Prior to 1979, Rule 130 merely provided for a prompt preliminary arraignment in a court case initiated by a warrantless arrest. In that year, the Committee proposed an amendment to Rule 130 which would exempt drunk driving cases from the requirement that a prompt arraignment be held. Consequently, Rule 130(b), which states as follows, was added:

> (b) When a defendant has been arrested without a warrant for driving under the influence of alcohol or controlled substance, the arresting officer may, when he deems it appropriate, promptly release the defendant from custody rather than taking him before the issuing authority. *In such event, a complaint shall be filed against the defendant* and the case shall thereafter proceed as provided in Rules 102 and 110.

Pa.R.Crim.P. 130(b), amended December 14, 1979, effective April 1, 1980 (emphasis added), *reprinted in Pennsylvania Bulletin,* Vol. 9, No. 28, at 2326 (July 14, 1979).[3] The proposed amendment failed to provide a time limitation for the filing of a complaint; indeed, nothing in the comments or committee report indicates that the matter was of concern. Rather, the focus of the report was directed toward four identified benefits in permitting the "prompt release" of a drunk driving defendant:

> (1) eliminate the necessity for holding these preliminary arraignments at what are often late hours, thereby greatly reducing a burdensome aspect of a district justice's workload; (2) avoid the possibility of prejudice at the subsequent preliminary hearing which might occur if the district justice observes the defendant drunk at the preliminary arraignment; (3) enable the police officer to return to patrol duty more quickly (in some geographical areas that officer may be the only police officer on patrol

3. In a subsequent amendment to Pa.R.Crim.P. 130(b), the last sentence was deleted. *See* present Pa.R.Crim.P. 130(b), amended April 24, 1981, effective July 1, 1981, *reprinted in Pennsylvania Bulletin,* Vol. 11, No. 5, at 494. (Jan. 31, 1981).

at that time); and (4) benefit the defendant who, in any event, may be so thoroughly intoxicated as to be unable to understand the proceedings, or conversely, detained in jail for hours until sober.

*Id.*

In 1981, a significant modification to Rule 130 was proposed. Because of the favorable response to the "drunk driver exception" of Rule 130(b), it was proposed that Rule 130(c) be expanded to encompass court cases in which a misdemeanor, not just drunk driving, was charged. Report of Procedural Rules Committee, "Discussion of Proposed Amendments, New Pa.R.Crim.P. 130(c)," *Pennsylvania Bulletin*, Vol. 11, No. 5, at 496 (Jan. 31, 1981). Further, Section (d) as it appears today, was proposed because

(t)he Committee was concerned, however, that ... (Pa. R.Crim.P. 130(b) was) not entirely clear ... that a complaint must be filed promptly after a defendant is released that a summons, not an arrest warrant, shall then be issued. (Pa.R.Crim.P. 102 provides for the issuance of a summons or an arrest warrant depending upon various circumstance set forth in that rule.) To avoid misinterpretation, the Committee agreed that a specific time period should be established for filing of a complaint and that issuance of a summons rather than an arrest warrant should be specifically required. It also agreed that those clarifications should be applicable both to "drunk driving" cases under present paragraph (b) and to other misdemeanors under new paragraph (c).

*Id.* at 497, *quoted in part* in *Revtai*, 343 Pa.Super. at 153, 494 A.2d at 401. These amendments to Rule 130 were subsequently adopted in 1984 and have remained unchanged.

Although the Committee Report accompanying these amendments does, indeed, support the conclusion in *Revtai* that the five-day limitation is inflexible, the *Revtai* court failed to note other developments in the Rules of Criminal Procedure which bear directly on the efficacy of Rule 130. When the modification to Rule 130 was proposed in 1981, the amendments to Rule 130, specifically the "prompt re-

lease" procedures established in sections (b), (c), and (d), were also carried over and incorporated into the Rule governing the disposition of summary cases. *See* former Pa.R. Crim.P. 62(d), *reprinted in Pennsylvania Bulletin,* Vol. 11, No. 5, at 497. In discussing the need for the "prompt release" procedure in summary cases, the Rules Committee sought to end the anomaly in permitting the prompt release of a defendant in a misdemeanor case, Pa.R.Crim.P. 130, while defendants charged with summary offenses were being detained, former Pa.R.Crim.P. 62. Report of Procedural Rules Committee, "Discussion of Proposed Amendments, New Pa.R.Crim.P. 62(d)," *Pennsylvania Bulletin,* Vol. 11, No. 5, at 497. To make it clear that the procedures in both court cases and summary offense cases were to be viewed consistently, Rule 62, governing the procedure in summary cases, and Rule 130, governing the procedure in court cases, were cross-referenced. *Id.*[4] Significantly, the procedures in both a summary case (where a citation is issued to the defendant) and a court case require the filing of a citation or complaint within five days of the arrest and release of the defendant. *Compare* former Rule 54(b) now, Pa.R.Crim.P. 56 *with* Pa.R.Crim.P. 130(d). The Official Comment to Rule 56, requiring the filing of a citation within five days, is particularly revealing:

It is intended that the original citation be filed as soon as is practical so the issuing authority may process the case. However, *failure to comply with the five day limit is not intended to be grounds for dismissal, unless the defendant is prejudiced by the delay. See* Rule 90.

Comment, Pa.R.Crim.P. 56 (emphasis added).

The parallels between the procedural rules governing an arrest for drunk driving/misdemeanor and those rules gov-

---

4. Pa.R.Crim.P. 62 was subsequently adopted and made effective July 1, 1981. The Chapter 50 Rules (Rules 51 to 70), "Summary Cases," were revised and renumbered effective July 1, 1986. *See* Report of Procedural Rules Committee, "General Revision of Criminal Rules which Govern the Institution and Conduct of Summary Criminal Proceedings," *Pennsylvania Bulletin,* Vol. 13, No. 40, at 2948 (Oct. 1, 1983); Pa.R.Crim.P. Chapter 50, Procedure in Summary Cases (New).

erning an arrest for a summary offense are striking. The "prompt release" provision governing the disposition of summary cases had its origins in the rule governing drunk driving cases. Given that the same five-day limitation applies to both drunk driving cases and summary offense cases, it would be illogical to dismiss a charge of drunk driving for a violation of that five-day limitation, while in a summary case a violation of an identical provision would proceed to disposition absent a showing of prejudicial delay. Unlike the *Revtai* court, we decline to accept a narrow reading of the Rules, finding a contrary conclusion is reached upon review of the history and amendments to Rule 130.

Having found no basis for the *Press* and *Revtai* conclusions that the language of Rule 130(d) requires strict adherence, we next address the decisions in those cases that Rule 150 is ineffectual in a Rule 130 context. Contrary to the summary determination in *Press*, Rule 150 specifically states—in title and context—that procedural defects are inadequate grounds for discharge. This conclusion is reinforced by a review of Report of the Criminal Procedural Rules Committee which preceded the adoption of amended Rule 150. In its initial form, Rule 150 addressed only defects in a complaint, citation, summons or warrant; no provision was made to remedy procedural defects. The rule was specifically amended because cases were

> being dismissed for minor, technical failures to comply with the procedures for the institution and conduct of proceedings before the minor judiciary, as set forth in Chapters 50 and 100 of the Rules. The Committee realized that this probably occurs because present Rule 150 does not specifically refer to the effect or consequences of non-compliance with or defects in the procedures.... It was agreed that specific language addressing procedural defects would make Rule 150 clearer and would thereby avoid improper case dismissals.

The Committee's research revealed that the appellate courts have held that non-compliance with procedural

requirements is also not grounds for dismissal unless the non-compliance actually prejudices the rights of the defendant. *See, e.g., Commonwealth v. Riley,* 260 Pa.Super. 280, 393 A.2d 1263 (1978). The Committee also recognized that non-compliance with the procedures of Chapters 50 or 100 creates no greater danger of a denial of due process than do defects in the form of the charging or process documents. *The Committee agreed, therefore, that the same prejudice standard for dismissal should apply to both defects in form and non-compliance with procedures.*

*    *    *    *    *    *

The Committee also recommends that the Rule 150 title and the paragraph (a) caption be amended to refer to procedural defects.

Report of Procedural Rules Committee, "Proposed New Pa.R.Crim.P. 70 and Amendment to Pa.R.Crim.P. 150," *Pennsylvania Bulletin,* Vol. 11, No. 29, at 2550 (July 18, 1981) (emphasis added). In short, there is simply nothing in the language, comment or history of Rule 150 which supports the holding in *Press.*

The *Revtai* decision is similarly flawed in relying upon Section 1933 of the Statutory Construction Act and *Commonwealth v. Bidner,* 282 Pa.Super. 100, 422 A.2d 847 (1980) to support the proposition that Rule 130(d) constitutes an exception to Rule 150. Section 1933 provides:

**Sec. 1933.  Particular controls general**

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa. Cons.Stat.Ann.Sec. 1933 (Purdon Supp.1986). *Commonwealth v. Bidner, supra,* provides an example of when two statutes actually conflict within the meaning of Section 1933. In *Bidner,* this Court was presented with two separate statutes which established different penalties for the same prohibited conduct. *Bidner,* 282 Pa.Super. at 105, 422 A.2d at 850. Finding a conflict, this Court followed the guidelines of Section 1933 and found that the special provisions controlled and were an exception to the general provisions. *Id.* As *Bidner* demonstrates, where two statutes address the same subject matter while providing for different penalties or procedures, courts will find a conflict. *See Commonwealth v. Lawson,* 315 Pa.Super. 84, 461 A.2d 807 (1983); *Commonwealth ex rel. Platt v. Platt,* 266 Pa.Super. 276, 404 A.2d 410 (1979); *Commonwealth v. Litman,* 187 Pa.Super. 537, 144 A.2d 592 (1958).

No such conflict exists between Rule 130(d) and Rule 150. Rule 130(d) and Rule 150 do not even address the same subject matter—the former designates when a complaint must be filed and the latter addresses when a dismissal is appropriate. Indeed, the mere placement of Rule 150 in Chapter 100, its title and its language lead to the inescapable conclusion that it was expressly made applicable to Rule 130 situations. Since Rule 150 expressly applies to Rule 130(d), to label these Rules as conflicting is to simply ignore this application.

## IV.

■ Having rejected the reasoning of *Press* and *Revtai,* we turn to the particulars of the fifteen cases in this consolidated appeal. Two appellees failed to raise a Rule 130(d) argument at preliminary hearings and twelve failed to invoke Rule 130(d) before waiving preliminary hearings. Pursuant to Rule 150, these fourteen appellees have waived their claim of delay by failing to preserve the Rule 130(d) argument before the conclusion of the preliminary hearing. Accordingly, the orders dismissing the charges against

these appellees are reversed and the cases remanded for reinstatement of the complaints.

On the other hand, appellee Richard Wilson specifically noted on his waiver of preliminary hearing form that he was reserving his rights to raise a Rule 130(d) claim. Clearly, this was sufficient to preserve his Rule 130(d) defense for review. Because the record does not indicate, however, that any inquiry was made into any alleged prejudice caused by the delay, the order dismissing his complaint is reversed and the case is remanded so that he may be afforded the opportunity to show that he was so prejudiced.

In concluding, we acknowledge that our decision today reversing *Press* and *Revtai* is unsettling. We recognize that in requiring a showing of prejudicial delay before a tardy complaint will be dismissed, violations of Rule 130(d) may be rendered inconsequential. The power to fashion a per se rule of dismissal for a violation of a rule of criminal procedure does not, however, lie with this Court. Rather, our power to remedy the violation of a procedural rule arises from two sources: (1) by express grant, *see e.g.,* Pa.R.Crim.P. 1100(f); or, (2) under case law, where the violation is of constitutional proportions and/or results in substantial prejudice to the accused, *see Commonwealth v. Mason,* 507 Pa. 396, 406–407, 490 A.2d 421, 424–425 (1985). Today, this Court establishes that the prejudice standard is controlling under the rules of criminal procedure. Specifically, although Rule 130 contains no express remedial language, we find that such a remedy is within the scope of Rule 150, and, accordingly, Rule 150 must be given effect.

We are compelled, however, to suggest that the time constraint of Rule 130 is not immune from criticism. Once an accused has been arrested and released pursuant to Rule 130(b) or (c), the arresting officer is free to ignore the time limitation of subsection (d). Absent evidence of prejudice, the accused is left in a state of arrest but uncertain (until such time as the statute of limitations expires) as to whether the case is proceeding through the criminal justice system. Such a scenario is not far-fetched. In one of the

cases now before this Court, there was a delay of fifty-five days—almost two months—between the time of arrest and the filing of the complaint.[5] Such a delay should not be tolerated. Following the lead of our Supreme Court, however, our duty extends to reviewing such a case under the standards of Rule 150, not in modifying Rule 130. Until such time as our Supreme Court addresses or amends Rule 130(d), we are bound to follow it.

Orders reversed and cases remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

MONTEMURO, J., files concurring opinion.

MONTEMURO, Judge, concurring:

I join the majority since, as is correctly pointed out, no reliable basis for the *Revtai* and *Press* holding is provided either by the principles of statutory construction, or by the

---

5. *Commonwealth v. Evans,* No. 2264. After carefully reviewing the records of these fifteen consolidated cases, it becomes clear that the time constraint of Rule 130(d) is unnecessarily restrictive in practice. Quite often the arresting officer is simply unable to promptly file a complaint. For example, the officer may be either a part-time employee with other full-time commitments or the officer may be forced to delay filing the complaint until the investigation is completed. As the cases here reveal, the causes of delay are especially pronounced in the rural areas of this Commonwealth. In these circumstances, the time limitation of Rule 130(d) must be broadly construed and the delay tested by the principles or Rule 150.

However, in several disturbing cases now before this Court, the delays stemmed not from the inaction of the officers but from the unavailability of a magistrate. In *Commonwealth v. Hall,* No. 2266, the trial court noted that a magistrate was available only one night per week. (Brief for appellant at 9a). It appears that charges were filed on the first available date which was nine days after that defendant was arrested. (Brief for appellant at 5a). Similarly, in *Commonwealth v. Hoban,* No. 2267, the court faulted the magistrate, not the police, for the seven-day delay. (Brief for appellant at 14a). In *Commonwealth v. Evans,* No. 2264, the arresting officer testified that because of prior commitments and the limited office hours of the magistrate, he was unable to file the complaint for almost seven weeks. (Brief for appellant at 9–10). Most disturbing is the testimony of the arresting officer in *Commonwealth v. Bevelacqua,* No. 2265, who explained that the district justice had no office hours during the day and reserved only fifteen minutes per week for the swearing and signing of complaints. (Brief for appellant at 13a). These cases indicate that an administrative, not a procedural, problem is at hand.

history of procedural development. I would, however, add that the internal logic of the Rules here under consideration dictates the same conclusion.

Operation of Section (b) of Rule 130 is [a] condition precedent to the operation of Section (d). Section (b) is permissive in character and entirely dependent upon the discretion of the arresting officer for its implementation. Therefore, theoretically at least, Section (d) need never be activated. In contrast, Rule 150 represents a fixed and stated policy which is always in force, and which may be overcome only by substantial impairment of a defendant's rights in conjunction with his prompt recognition and reportage of the violation. For such a rule to be eclipsed, more is necessary than a defendant's disappointed expectations in a time limitation. Again, real prejudice must have occurred and been shown at the proper time.

All of this having been said, it becomes apparent that dismissal is a totally disproportionate remedy for a Rule 130(d) violation. In this regard, a comparison of the redress accorded to infringements of the other criminal procedural rules is instructive.

In *Commonwealth v. Mason*, 507 Pa. 396, 490 A.2d 421 (1985), our supreme court was faced with the question of whether violations of the procedural rules governing issuance and execution of search warrants need necessarily be counteracted by exclusion of the evidence seized. The answer was that where "the [rule] violation also implicates fundamental constitutional concerns, is conducted in bad faith or has substantially prejudiced the defendant ... exclusion *may* be an appropriate remedy." *Id.*, 507 Pa. at 405, 490 A.2d 426 (emphasis in original).

The standard used by the *Mason* court provides a clear analogue to the very language of Rule 150. If exclusion is too harsh an antidote for violation of Chapter 2000 Rules, no quantum leap is required to conclude that dismissal is not automatically a proper curative for Chapter 100 infractions.

In *Commonwealth v. Peppers,* 357 Pa.Super. 270, 515 A.2d 971 (1986), this court most tellingly held that the (proposed) suppression of evidence obtained as the result of an extraterritorial arrest, "would be a remedy all out of proportion to the benefits gained to the end of obtaining justice while preserving individual liberties unimpaired." *Id.,* 357 Pa.Superior Ct. at 273, 515 A.2d 973 (citations omitted). The same is true here.