J-A17004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA

                  Appellant       :

                                :

                  v.               :

                                :

CHRISTOPHER DAVID BOZARTH     :

                                :

                  Appellee       :        No. 224 EDA 2017

Appeal from the Order December 16, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-MD-0002487-2016

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:          **FILED JULY 19, 2017**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Bucks County Court of Common Pleas, which granted the motion of Appellee, Christopher David Bozarth, to dismiss all charges against him for violation of Pa.R.Crim.P. 519.  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we summarize them as follows.  On August 13, 2015, Corporal Harnett observed a vehicle swerving.  The corporal initiated a traffic stop and upon speaking with Appellee (the driver), Corporal Harnett observed Appellee had bloodshot/glassy eyes and slurred speech, and detected a strong odor of alcohol emanating from Appellee.  Appellee said he was traveling home from his girlfriend's house and admitted he had consumed one or two drinks.  Corporal Harnett administered field sobriety

_____

*Retired Senior Judge assigned to the Superior Court.

tests, which Appellee failed. Based on his observations, Corporal Harnett arrested Appellee for driving under the influence of alcohol ("DUI"). Initially, Appellee said he would submit to chemical testing, but he later refused at the hospital. Corporal Harnett then transported Appellee to the police station where he was released to the custody of a relative several hours later.

On November 6, 2015, eighty-five days after Appellee's arrest, the Commonwealth charged Appellee with DUI and summary traffic offenses. At Appellee's preliminary hearing on December 15, 2015, Appellee made an oral motion for dismissal of the charges under Pa.R.Crim.P. 519(B)(2) (requiring Commonwealth to file complaint against defendant within five days after release from custody where most serious offense charged is misdemeanor of second degree or misdemeanor of first degree in DUI case). The magistrate granted Appellee's request. The Commonwealth timely filed a notice of appeal to the Court of Common Pleas on January 13, 2016.

On June 1, 2016, following oral argument, the trial court vacated the magistrate's order and remanded for a hearing on whether Appellee suffered prejudice as a result of the filing delay. The magistrate held the remand hearing on August 23, 2016. Appellee argued for dismissal of the charges based on: (1) the extreme delay in filing the charges which caused anxiety and uncertainty in Appellee's daily life; (2) the loss of his former girlfriend as a key witness, who Appellee claimed would have been able to make a

statement in Appellee's defense had the charges been promptly filed; and (3) the Commonwealth's lack of justification for the delay. Following the hearing, the magistrate granted Appellee's request for dismissal of the charges. The Commonwealth timely filed a notice of appeal to the Court of Common Pleas on August 31, 2016.

The trial court held a hearing on December 12, 2016. By order dated December 12, 2016, and entered December 16, 2016, the trial court affirmed the magistrate's decision to dismiss the charges. The Commonwealth timely filed a notice of appeal on January 6, 2017. On January 12, 2017, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Commonwealth timely complied on February 1, 2017.

The Commonwealth raises one issue for our review:

> DID THE TRIAL COURT ERR IN AFFIRMING THE ORDER OF THE MAGISTERIAL DISTRICT COURT DISMISSING THE CHARGES AGAINST APPELLEE BY FINDING A VIOLATION OF THE "5-DAY RULE" PURSUANT TO PA.R.CRIM.P. 519(B)(2), AND IN DENYING THE COMMONWEALTH'S APPEAL OF SAME, WHERE APPELLEE FAILED TO OFFER OR ESTABLISH THE REQUIRED PREJUDICE AND/OR SUFFICIENT PREJUDICE TO WARRANT DISMISSAL OF THE CRIMINAL CHARGES?

(Commonwealth's Brief at 4).

The Commonwealth concedes it did not file charges against Appellee until eighty-five days after his release from custody. Nevertheless, the Commonwealth argues a violation of Rule 519(B)(2) is a defect in procedure,

which does not require automatic dismissal of the charges. The Commonwealth asserts Appellee failed to demonstrate prejudice warranting dismissal. The Commonwealth maintains Appellee presented no evidence that his ex-girlfriend was actually unavailable to testify, did not offer or identify the content of her purported testimony, and failed to show how his ex-girlfriend would assist him in his defense at trial. Even if Appellee's ex-girlfriend is hostile toward him, the Commonwealth insists Appellee could have issued a subpoena compelling her testimony if necessary. The Commonwealth submits its lack of justification for the untimely filing is irrelevant to whether Appellee suffered prejudice. The Commonwealth concludes this Court should vacate the order dismissing the charges, reinstate the criminal complaint, and remand for a preliminary hearing so the Commonwealth can present a *prima facie* case.

Appellee argues the Commonwealth violated Rule 519(B)(2) by failing to file criminal charges against Appellee until eighty-five days after his release from custody. Citing **Commonwealth v. Schimelfenig**, 522 A.2d 605 (Pa.Super. 1987), Appellee contends this Court expressly stated a delay of fifty-five days "should not be tolerated." Appellee maintains Rule 519 and case law interpreting the Rule do not expressly define "prejudice." Appellee suggests the lengthy delay of eighty-five days in this case created uncertainty regarding what charges Appellee faced (if any) and interfered with his daily life. In addition, Appellee complains he lost his former

girlfriend as a potential key witness. Appellee claims he does not know his former girlfriend's whereabouts, and she holds hostility toward him as a result of their break-up. Appellee emphasizes that the Commonwealth had no justification whatsoever for the lengthy delay. Appellee concludes he demonstrated prejudice, and this Court should affirm the order dismissing the charges against him.[1]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey L. Finley, we conclude the Commonwealth's issue merits no relief. The trial court opinion fully discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed March 9, 2017, at unnumbered pages 3-6) (finding: Commonwealth was required to file criminal complaint against Appellee within five days of his release from custody; Commonwealth did not file criminal complaint until eighty-five days after Appellee's release; Appellee presented evidence that he lost key witness during eighty-five day period of delay; on night of his arrest, Appellee had been drinking at his girlfriend's home; had charges been filed promptly, Appellee alleged his girlfriend would have been available to make statement

---

[1] Appellee further argues the Commonwealth was not permitted to file a second appeal to the Court of Common Pleas following the remand hearing, relying solely on **Commonwealth v. Sebek**, 716 A.2d 1266 (Pa.Super. 1998). Nevertheless, **Sebek** did not involve Rule 519 and is factually and procedurally inapposite.

to police or testify at preliminary hearing about Appellee's alcohol consumption that night, presumably to bolster Appellee's claim that he consumed only one or two drinks before driving home; Appellee and his girlfriend have since parted, and Appellee insists he does not speak to her anymore; Appellee said he does not know his ex-girlfriend's whereabouts, and she harbors animosity toward him that would prevent her from serving as cooperative defense witness;[2] additionally, Appellee did not submit to chemical testing here so delay in obtaining laboratory results is not possible excuse for Commonwealth's delay in filing charges; Commonwealth acknowledged that charges should have been filed sooner and provided no explanation for lengthy delay; Appellee further claimed eighty-five day passage of time is prejudicial on its own, particularly where Superior Court has said delay of fifty-five days should not be tolerated; length of time here certainly contributed to prejudice suffered by Appellee; due to delay, Appellee was unaware of whether he would be charged and what charges against him would be filed; this uncertainty interfered with his ability to live and plan life; eighty-five day delay here, in conjunction with loss of key witness and lack of justification for delay, established prejudice to warrant dismissal of charges). Accordingly, we affirm on the basis of the trial court's

_____

[2] We depart from the trial court's reasoning only to the extent that the court speculated Appellee's former girlfriend would have been "readily available and willing" to testify in Appellee's defense.

opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA     :

                                     :     OPTIONAL

                           **v.**     :     **No. CP-09-MD-0002487-2016**

CHRISTOPHER DAVID BOZARTH          :

                                       :

<u>**OPINION**</u>

The Commonwealth of Pennsylvania ("Appellant") appeals this Court's December 12, 2016 Order affirming the August 23, 2016 Order of the Magisterial District Court, dismissing the charges against Appellee due to a violation of Pennsylvania Rule of Criminal Procedure 519. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), we file this Opinion in support of the Court's ruling.

## I.    FACTUAL AND PROCEDURAL HISTORY

On August 13, 2015, Appellee was stopped by Corporal Andrew Harnett of the Pennsylvania State Police on suspicion of driving under the influence. *N.T.* 12/15/15, p. 5. When Corporal Harnett walked up to Appellee's vehicle, he observed that Appellee's eyes were bloodshot and glassy. *Id.*, p. 6. Further, Corporal Harnett noticed a strong odor of alcohol emanating from the vehicle. *Id.* Appellee told Corporal Harnett that he was traveling home to Philadelphia from his girlfriend's home in Croydon. *Id.*, p. 8. Appellee relayed that he had one or two drinks that night. *Id.*

Corporal Harnett administered three field sobriety tests. *N.T.* 12/15/15, pp. 6, 7. Appellee was unable to perform two of the three tests. *Id.*, p. 7. Thereafter, Corporal Harnett requested Appellee submit to a portable breath test. *Id.*, p. 8. Although Appellee tried to submit to the breath test, Corporal Harnett was unable to retrieve a reading. *Id.* Corporal Harnett



testified that he believed Appellee did not understand the instructions regarding how to submit to the test, resulting in an insufficient sample. *Id.* Corporal Harnett then requested Appellee submit to chemical testing. *Id.* Appellee was transported to Lower Bucks Hospital for testing. *Id.*, p. 9. Although Appellee initially agreed to chemical testing, Appellee refused upon arriving to the hospital. *Id.* Corporal Harnett then transported Appellee to the police station and released him to the custody of a relative several hours later. *Id.*, p. 12.

On November 6, 2015, the criminal complaint charging Appellee with driving under the influence[1] was filed. On December 15, 2015, following Appellee's preliminary hearing, Magisterial District Justice Joanne V. Kline dismissed the complaint against Appellee for Appellant's failure to timely file charges pursuant to Pennsylvania Rule of Criminal Procedure 519. On January 13, 2016, Appellant filed a Notice of Appeal. On June 1, 2016, oral argument was held. By order dated the same day, this Court remanded the case to Magisterial District Justice Kline for an evidentiary hearing on whether Appellee was prejudiced by Appellant's failure to file charges pursuant to Rule 519.

On August 23, 2016, Justice Kline again dismissed the complaint, finding that Appellee was prejudiced by the delay in filing. Appellee's evidence of prejudice included the loss of a defense witness, the lengthy passage of time before charges were filed and the lack of justification for the delay. *N.T.*, 8/23/16, pp. 6-7. On August 31, 2016, Appellant appealed the second dismissal. Following oral argument held on December 12, 2016, this Court affirmed Justice Kline's dismissal of the charges. On January 6, 2017, Appellant filed a Notice of Appeal to the Superior Court.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

## II.    STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

On February 1, 2017, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant filed its Statement of Errors Complained of on Appeal, set forth *verbatim* herein:

1. This Honorable Court erred in affirming the Order of the Magisterial District Court dismissing the charges against Appellee by finding a violation of the "5-day rule" pursuant to Pa.R.Crim.P. 519(B)(2), and in denying the Commonwealth's appeal of same, where Appellee failed to offer or establish the required prejudice and/or sufficient prejudice to warrant dismissal of the criminal charges?

## III.    DISCUSSION

Pennsylvania Rule of Criminal Procedure 519 governs release of a defendant who is arrested without a warrant. The Rule provides that a defendant shall promptly be released from custody when the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa.C.S. § 3802, the defendant poses no threat of immediate physical harm to another person or to himself or herself, and the arresting officer has reasonable grounds to believe the defendant will appear as required. See Pa.R.Crim.P. 519(B)(1). When these conditions are met and the defendant is released, the Rule further states that "a complaint shall be filed against the defendant within 5 days of the defendant's release." Pa.R.Crim.P. 519(B)(2).

Appellee was released pursuant to Rule 519(B)(1)'s conditions. However, eighty-five days passed before charges were filed—eighty days beyond the timeframe for filing under Rule 519(B)(2). A criminal complaint shall not be dismissed despite a violation of the five-day rule unless the defendant is prejudiced by the delay. See Commonwealth v. Wolgemuth, 737 A.2d 757, 760 (Pa. Super. Ct. 1999); Commonwealth v. Schimelfenig, 522 A.2d 605, 614 (Pa. Super. Ct. 1987) (expressly overruling Commonwealth v. Press, 493 A.2d 705 (Pa. Super. Ct. 1985) and

Commonwealth v. Revtai, 494 A.2d 399 (Pa. Super. Ct. 1985), which held that dismissal of charges was mandated for a violation of the five-day limitation).

While Schimelfenig clarified that a delay beyond five days does not mandate dismissal absent prejudice to the defendant, specific examples of prejudice were not discussed. Thus, there is little guidance as to what constitutes sufficient prejudice to warrant dismissal. Despite this, we are satisfied that dismissal was appropriate here because Appellee presented evidence that this Court believes demonstrates prejudice.

First, Appellee presented evidence that he lost a key witness during the eighty-five day period of delay. On the night of Appellee's arrest, he had been drinking at his girlfriend's home. Appellee argued that his girlfriend would have been available to testify to Appellee's alcohol consumption that night, presumably to bolster Appellee's claim of only having consumed one to two drinks before driving home. However, between the date of arrest and the date the charges were filed, Appellee and his girlfriend broke up. Appellee indicated that he no longer speaks to her, he does not know her exact location and that she harbors animosity towards Appellee which would prevent her from serving as a cooperative defense witness. While Appellee's ex-girlfriend may be served with a subpoena compelling her to testify, had the charges been filed within five days of Appellee's arrest, Appellee's then-girlfriend would have been readily available and willing to testify in Appellee's defense.

Next, Appellee contended that there was no justification for the lengthy delay in filing charges. Appellee argued that while Rule 519 violations are not uncommon, there is almost always a viable explanation. Specifically, Appellee noted that obtaining lab results often leads to a delay in filing charges. However, here, Appellee refused to submit to chemical testing and therefore there were no lab results Appellant would have needed to file charges. There was

presumably nothing preventing the arresting officer from filing a complaint against Appellee immediately following his release. Appellant even acknowledged that the charges should have been filed sooner than they were without providing an explanation as to why there was such a lengthy delay in doing so.

Finally, Appellee asserted that the length of delay itself was prejudicial. Appellee cited to Schimelfenig as support for his argument that passage of time alone may be considered prejudicial. While the Court in Schimelfenig noted that a fifty-five day delay "should not be tolerated," Schimelfenig, 522 A.2d at 613, the Court follows that statement by noting that it is their duty to avoid improper dismissals for mere procedural defects. See id. Accordingly, this Court is not persuaded that passage of time alone is prejudicial. Nonetheless, we acknowledge that the length of delay in this case, which was well beyond the fifty-five days that the Schimelfenig Court deemed intolerable, is an example of an egregious violation of Pennsylvania Rule of Criminal Procedure 519. Thus, the length of delay itself certainly contributed to prejudice suffered by Appellee.

When there is a delay in filing charges, a defendant is unaware of whether he or she is going to be charged and what the charges may be. As the length of delay grows, the defendant's uncertainty also increases with each day that passes. This uncertainty interferes with one's ability to live and plan their life. Thus, this Court finds that the eighty-five day delay in filing charges, in conjunction with the loss of a key witness and the lack of justification for Appellant's failure to timely file the charges in accordance with Rule 519, caused Appellee to suffer prejudice. Accordingly, the Court properly dismissed the criminal complaint against Appellee.

## IV. CONCLUSION

For the foregoing reasons, this Court perceives that the issues of which Appellant has complained in this appeal are without merit.

BY THE COURT:

DATE: March 3rd, 2017

JEFFREY L. FINLEY, P.J.

Copies sent to:

Karen A. Diaz, Esquire
District Attorney's Office
100 North Main Street
Doylestown, PA 18901

ATTORNEY FOR THE COMMONWEALTH

John J. Kerrigan, Jr., Esq.
174 Middletown Blvd.
Suite C-300
Langhorne, PA 19047

ATTORNEY FOR THE DEFENDANT

2011 MAR -3 P 2:02