based on the rule established by this Court in *Gaito.*

COMMONWEALTH of Pennsylvania, Appellant

v.

**Jeffrey BOWMAN, Jr., Appellee.**

Superior Court of Pennsylvania.

Submitted Aug. 11, 2003.
Filed Dec. 15, 2003.
Reargument Denied Feb. 4, 2004.

---

**2.** Notably, the parolee may always seek a modification of bail under Pennsylvania Rule of Criminal Procedure 524. *See* Pa. R.Crim. P. 524.

**3.** The rule created by the majority only grants new relief to those parolees who have been convicted of and received a sentence for the new charges because, as noted *supra* in footnote 1, this Court already held in *Gaito* that where a parolee was not convicted on the new charges or did not receive a sentence, his pre-trial confinement may be credited to his original sentence. *See* 412 A.2d at 571 n. 6.

**4.** The majority also finds that the exception created in *Gaito's* footnote six, *see supra* n. 1,

should be extended to permit a parolee, who did not meet bail on his new charges, to credit his pre-trial confinement to his original sentence not only when he was not convicted of the new charges or received no new sentence, but also whenever he did not receive a new sentence *of incarceration.* Here, however, Appellant received a sentence of forty-eight hours of incarceration on his new charges. Thus, to the extent that *Gaito* did not resolve the issue of whether a parolee may credit his pre-trial confinement to his original sentence when he did not receive a new sentence of incarceration, that issue is not properly before this Court in the instant case.

Nicholas J. Casenta, Asst. Dist. Atty., West Chester, for Com., appellant.

Francis X. Nolan, Exton, for appellee.

BEFORE: STEVENS, KLEIN, and GRACI, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania ("Commonwealth"), appeals from an Order entered in the Court of Common Pleas of Chester County on March 17, 2003. We reverse and remand with instructions.

## I. PROCEDURAL HISTORY

¶ 2 Appellee, Jeffrey Bowman ("Bowman"), was charged with driving under the influence, 75 Pa.C.S.A. §§ 3731(a)(1) and (4); driving while operating privilege is suspended or revoked, 75 Pa.C.S.A. § 1543(a); and habitual offenders, 75 Pa. C.S.A. § 6503.1. The case had been dismissed on three separate occasions when the police failed to appear for the preliminary hearing. Both the police and an assistant district attorney were present at the fourth preliminary hearing held on November 21, 2002. At the conclusion of the

hearing, Bowman was held for court on all of the above-listed charges. Bowman filed a Petition for Writ of Habeas Corpus on December 6, 2002. A hearing was held on March 13, 2003. At the hearing the trial court dismissed the charges against Bowman with prejudice. The court found that the Commonwealth had violated Pa. R.Crim.P. 544(A) when it refiled charges against Bowman without written authority from the District Attorney.

¶ 3 On April 7, 2003, the Commonwealth filed a Notice of Appeal from the trial court's March 17, 2003 Order and a Statement of Matters Complained of on Appeal. On April 8, 2003, the trial court entered an Amended Order stating that the charges against Bowman were "dismissed." In its 1925(a) Opinion, the trial court explained that, "[t]his matter was dismissed for procedural reasons. The intent of the court was to dismiss the case without precluding the Commonwealth's ability to refile. The original order was amended due to this intent." 1925(a) Opinion, at 3. Subsequently, the trial court found, "that as a result of the Amended Order, this appeal is now interlocutory." *Id.*

¶ 4 The Commonwealth's appeal from the trial court's March 17, 2003, order is now before this Court. The Commonwealth presents the following issue for our review:

I. Whether the trial court erred in dismissing the charges against defendant based upon an alleged violation of Pa.R.Crim.P. 544(A)?

. . .

Appellant's Brief, at 4.

## II. DISCUSSION

¶ 5 "Our standard of review of a trial court's order denying [or granting] a petition for writ of *habeas corpus* is limited to abuse of discretion." *Commonwealth ex rel. Fortune v. Dragovich,* 792 A.2d 1257,

1259 (Pa.Super.2002) (citation omitted). "Thus, we may reverse the court's order only where the court has misapplied the law or exercised its discretion in a manner lacking reason." *Id.* (citation omitted). "As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests." *Id.* (citation omitted). Since review of the issue on appeal is a question of law, our Court's scope of review is plenary. *Commonwealth v. Paxton,* 821 A.2d 594 (Pa.Super.2003).

¶ 6 On March 17, 2003, the trial court entered the following order:

AND NOW, TO WIT, this 17th day of March, 2003, the Defendant having filed a Petition for a Writ of Habeas Corpus, and after having argument thereon from both parties, on March 13, 2003, the Court enters the following.

### *ORDER*

The Writ shall issue, and the charges brought against Defendant for violation of:

(1) 75 Pa.C.S.A. 3731(a)(1) and (4)

(2) 75 Pa.C.S.A. 1543(a) and

(3) 75 Pa.C.S.A. 6503.1

are hereby dismissed with Prejudice.

March 17, 2003, Order.

¶ 7 On April 7, 2003, the Commonwealth filed an appeal from the trial court's March 17, 2003, Order. On April 8, 2003, the trial court entered the following Amended Order:

AND NOW, to wit, this 8th day of April, 2003, the Defendant having filed a Petition for Writ of Habeas Corpus, and after hearing argument thereon from both parties, on March 13, 2003, the Court enters the following.

## AMENDED ORDER

The Writ shall issue, and the charges brought against Defendant for violation of:

(1) 75 Pa.C.S.A. 3731(a)(1) and (4)

(2) 75 Pa.C.S.A. 1543(a) and

(3) 75 Pa.C.S.A. 6503.1

are hereby dismissed.[1]

---

[1] Consistent with N.T., 3/13/03, pgs. 21–23.

April 8, 2003, Order.

¶ 8 The following is a portion of the Notes of Testimony referenced in the trial court's April 8, 2003 Amended Order, at footnote 1:

THE COURT: I have considered some of the matters that we have reviewed on the record here in the Bowman case. And what I cannot get past is the failure of the Commonwealth to comply with Rule 544 of The Rules of Criminal Procedure. And I don't think that signing a note today is satisfactory. I don't believe that the Commonwealth rein-stituted the charges properly, because they failed to approve them in writing when they refiled the complaint. That being the case, I am dismissing the charges at this term number. Those charges include DUI, violation of 1543(a) and the habitual offender's statute, 6503.1.

. . .

MR. HOYT [Assistant District Attorney]: Your Honor, I just want to make sure it's clear, and I think I know what you are doing, this is dismissed with prejudice or without, because—

THE COURT: I don't know that you can bring them again, because the rule allows for the refiling prior to or at the preliminary hearing, but you are beyond that stage now.

MR. HOYT: So just so the order is clear, this would be with prejudice, which is—

THE COURT: I haven't researched it, counsel. If there is another way for you to look into that, let me know. I'm assuming that it is with prejudice, but I am—

MR. HOYT: That's what I'm assuming.

THE COURT: I'm not prohibiting you from approaching this from another angle. Right now this is no good.

MR. HOYT: Understood.

THE COURT: Thank you.

MR. NOLAN [Defense Counsel]: Thank you, Your Honor.

Notes of Testimony (March 13, 2003) Habeas Corpus Hearing, at 21–23.

¶ 9 In its 1925(a) Opinion entered on May 9, 2003, the trial court stated in part:

In this case, the charges were not dismissed with prejudice. This matter was dismissed for procedural reasons. The intent of the court was to dismiss the case without precluding the Commonwealth's ability to refile. The original order was amended due to this intent. It is the opinion of the court that, as a result of the Amended Order, this appeal is now interlocutory. "[I]f the defect which precipitated the dismissal may be cured by the Commonwealth, a subsequent appeal to this Court is considered interlocutory." *Commonwealth v. Waller,* 453 Pa.Super. 36, 682 A.2d 1292, 1294 (1996), citing *Commonwealth v. Labelle,* 531 Pa. 256, 612 A.2d 418 (1992). In *Waller,* the trial court dismissed all charges against the defendant when the informant failed to appear for the start of the trial, and the Commonwealth informed the trial court that it was unable to proceed. The Superior Court determined that the trial court's order was interlocutory. It is suggested

that the remedy for the Commonwealth is to refile the complaint and comply with Pa.R.Crim.P 544(A).

1925(a) Opinion, at 3–4.

¶ 10 Before we address the merits of the Commonwealth's appeal, we must determine if this appeal is properly before us. Generally, after an appeal is taken the trial court may no longer proceed further in the matter. Pa.R.A.P. 1701(a). *See also* 42 Pa.C.S.A. § 5505 (relating to modification of orders) ("a court . . . may modify . . . any order within 30 days after its entry . . . *if no appeal from such order has been taken* . . . .") (emphasis added). However, the filing of an appeal does not divest the trial court of its inherent power to correct obvious and patent mistakes in its orders. *Manack v. Sandlin,* 812 A.2d 676 (Pa.Super.2002). Moreover, if the defect which precipitated the dismissal is curable than a subsequent appeal to the Superior Court is considered interlocutory. *Commonwealth v. La Belle,* 531 Pa. 256, 612 A.2d 418 (1992).

¶ 11 In the instant case, the trial court dismissed charges against Bowman "with prejudice" in its original Order. The trial court then issued an Amended Order after the Commonwealth appealed the original Order. The Amended Order replaced the words, "are hereby dismissed with Prejudice" with "are hereby dismissed" with a citation to the record. In doing so, we find that the trial court attempted to make a substantive change which is not permitted under Rule 1701(a). Since, by virtue of the Commonwealth's filing of its notice of appeal on April 7, 2003, the trial court was without jurisdiction to file its Amended Order of April 8, 2003, its original Order contains an incurable defect, availing the Commonwealth the right to a direct appeal. "[A]n order granting discharge on grounds which would ostensibly preclude the refiling of

new charges is not subject to *de novo* review by another issuing authority, but is instead subject to direct appeal as a final order." *Commonwealth v. Douglass,* 372 Pa.Super. 227, 539 A.2d 412, 414 (1988) (citation omitted). Accordingly, this appeal by the Commonwealth is properly before us.

¶ 12 Turning to the merits, we observe that "[o]ur Supreme Court has long recognized the Commonwealth's ability to reinstitute criminal charges when the charges are dismissed at a preliminary hearing. [And] on October 8, 1999, our Supreme Court even adopted Rule 544 of the Pennsylvania Rules of Criminal Procedure (formerly Rule 143) to clarify the procedure for refiling dismissed charges." *Commonwealth v. Carbo,* 822 A.2d 60, 63–64 (Pa.Super.2003) (citations omitted). The rule states that, "when charges are dismissed or withdrawn at, or prior to a preliminary hearing, the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the refiling of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges." Pa.R.Crim.P. 544(a). The authority of the attorney for the Commonwealth to reinstitute charges that have been dismissed at the preliminary hearing is well established by case law. *See, e.g. Commonwealth v. Thorpe,* 549 Pa. 343, 701 A.2d 488 (1997). This authority, however, is not unlimited. First, the charges must be reinstituted prior to the expiration of the applicable statute(s) of limitations. Additionally, the decision to reinstitute charges must be made by the attorney for the Commonwealth. *See Comment,* Pa.R.Crim.P. 544.

¶ 13 Instantly, the Commonwealth relies on our reasoning in *Commonwealth v. Singletary,* 803 A.2d 769 (Pa.Super.2002), to assert that an approval from an attorney of the Commonwealth for reinstituting the

charges against Bowman is implicit in the actions of the Commonwealth. Moreover, the Commonwealth argues that since it was represented at both preliminary hearings, the presence of counsel implicitly implies the authorization of the refiling of the complaint. We agree.

¶ 14 In *Singletary,* the defendant was charged with possession of controlled substance, possession of drug paraphernalia, and conspiracy. After charges were twice dismissed and refiled by the prosecutor, the trial court reassigned the matter for a preliminary hearing before a different judge and denied defendant's writ of habeas corpus. The defendant appealed. After a review of the records, our Court noted that the Commonwealth was represented by an assistant district attorney at both preliminary hearings and that the defendant did not argue that there was no written authorization from an attorney for the Commonwealth to approve the reinstitution of the charges. We held that the approval from an attorney for the Commonwealth for reinstituting the charges against the defendant was implicit in the Commonwealth's motion requesting the temporary assignment of a different issuing authority. *Id.*

¶ 15 Moreover, the Commonwealth refers to both Pa.R.Crim.P. 507(D) (Approval of Police Complaints and Arrest Warrant Affidavits by Attorney for the Commonwealth—Local Option) and Pa. R.Crim.P. 202(D) (Approval of Search Warrant Applications by Attorney for the Commonwealth—Local Option) for procedures for prior approval of complaints and argues that both rules include a prohibition stating that, "No defendant shall have the right to relief based solely upon a violation of this . rule." Pa.R.Crim.P. 507(D) and Pa.R.Crim.P. 202(D). Brief for Appellant, at 19. While Rule 544, itself, does not contain this language, the comment to the rule refers to Rule 507. Pertinent to the matter presently before the Court, the comment to Rule 544 states:

> The decision to reinstitute charges must be made by the attorney for the Commonwealth. Therefore, *in cases in which no attorney for the Commonwealth was present at the preliminary hearing,* the police officer may not refile the complaint without the written authorization of the attorney for the Commonwealth. *See* Rule 507 (Approval of Police Complaints and Arrest Warrant Affidavits by Attorney for the Commonwealth—Local Option) for procedures for prior approval of complaints.

Pa.R.Crim.P. 544 *Cmt.* (emphasis added).[1] The comment makes it clear that

---

1. Rule 202 and Rule 507 were obviously adopted with the intent of giving the attorneys for the Commonwealth control of investigative and charging decisions. This is made clear by the Comments accompanying each of those rules. Pa.R.Crim.P. 507 *Cmt.*; Pa. R.Crim.P. 202 *Cmt.* (referring reader to the Comment to Rule 507). The Comment to Rule 507 explains: "Among the advantages generally asserted [for requiring prosecutorial approval] are that the prosecutor, whose responsibility it is to try cases, is in the best position to assess the existence of probable cause, whether additional police investigation is necessary before the filing of criminal charges, and to assess which charges should be brought. Moreover, the prosecutor's assumption of the initial charging function may result in significant savings of time and money by reducing the later withdrawal of cases or charges by the prosecutor." Pa.R.Crim.P. 507 *Cmt.* Many of these points apply equally to the decision to refile or reinstitute charges under Rule 544. Though there are limits on a prosecutor's ability to reinstitute charges, *see* Pa.R.Crim.P. 544 *Cmt.*, each of these rules is designed to assist prosecutors in the performance of their duties and not to benefit persons charged with crimes. We question, therefore, whether a defendant has standing to seek relief for an asserted violation of Rule 544(A).

the approval to reinstitute charges by the attorney for the Commonwealth is only required when no attorney for the Commonwealth was present at the preliminary hearing. That is not the situation presented here. Where the attorney for the Commonwealth is present, under the rule, as explained in the comment, the approval of the attorney for the Commonwealth is at least, implicit when the charges are reinstituted.[2]

▆▆▆ ¶ 16 When dealing with alleged violations of the Rules of Criminal Procedure, our Supreme Court has stated that, "the sanction of dismissal of criminal charges should be utilized only in the most blatant cases. Given the public policy goal of protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed." *Commonwealth v. Burke*, 566 Pa. 402, 781 A.2d 1136, 1144 (2001) (citations omitted). Our Court has further held that, "even in those situations where 'in the interests of justice' a dismissal is an appropriate consideration to remedy police or prosecutorial misconduct, it is not employed absent a showing of demonstrable prejudice. '[D]ismissal in criminal cases is employed only as a last resort, and is limited to cases of extreme and substantial prejudice.' " *Commonwealth v. Bryan*, 818 A.2d 537, 541 (Pa.Super.2003) (citations omitted). Moreover, in *Commonwealth v. Daniels*, 531 Pa. 210, 612 A.2d 395 (1992), the Supreme Court held that "technical violations of the rules of criminal procedure do not automatically warrant suppression of the evidence," a lesser sanction than dismissal. *Id.*, at 402 (citations omitted).[3]

¶ 17 Our courts have regularly refused to dismiss prosecutions and discharge defendants based on technical violations of the criminal procedural rules in the absence of a demonstration of prejudice. *See, e.g. Commonwealth v. Anders*, 555 Pa. 467, 725 A.2d 170 (1999) (interpreting former Rule 1405; discharge only where the defendant can demonstrate that the delay in sentencing resulted in prejudice); *Commonwealth v. Revtai*, 516 Pa. 53, 532 A.2d 1 (1987) (interpreting former Rule 130(d); no dismissal of charges in the absence of prejudice to the defendant); *Commonwealth v. Schimelfenig*, 361 Pa.Super. 325, 522 A.2d 605 (1987), *Commonwealth v. Young*, 318 Pa.Super. 538, 465 A.2d 684 (1983) (interpreting former Rule 130(a); no discharge where defendant failed to show prejudice by delay in arraignment); *Commonwealth v. Tavianini*, 315 Pa.Super. 434, 462 A.2d 272 (1983) (interpreting former Rule 55; dismissal unwarranted for failure to fix trial date within time limitations); *Commonwealth v. Lee*, 294 Pa.Super. 495, 440 A.2d 574 (1982) (interpreting former Rule 62; absent showing of prejudice, no dismissal for delay between time of arraignment and trial); *Commonwealth v. Andrews*, 285 Pa.Super. 100, 426 A.2d 1160 (1981) (interpreting former Rule 303; no discharge for delay between the filing

---

In light of our disposition, however, we need not resolve this question.

**2.** That is not to say that it would not be a better practice for the attorney for the Commonwealth to express his or her approval in writing to create a record of such action. Such a notation in this case would have avoided this appeal and the delay occasioned by it. We simply decide that, under the circumstances presented here, it was not required.

**3.** Of course, the standards for discharging a case with prejudice are very different from the standards for dismissing the charges without prejudice so the charges can be reinstated.

of information and arraignment absent showing of prejudice); *Commonwealth v. Brogan*, 270 Pa.Super. 197, 411 A.2d 248 (1979) (interpreting former Rule 57; absent showing of prejudice, discharge not mandated for delay in setting date for trial); *Commonwealth v. DeCosey*, 246 Pa.Super. 412, 371 A.2d 905 (1977) (interpreting former Rule 140(f)(1); discharge not warranted for delay in conducting preliminary hearing where defendant was not incarcerated, failed to timely object and failed to show prejudice). Here, as in the above-listed cases, there was no egregious act of the Commonwealth and Bowman suffered no prejudice from the technical violation of Rule 544(a).

## III. CONCLUSION

¶ 18 In the instant case, approval of the attorney for the Commonwealth for reinstituting the charges against Bowman is implicit in the presence of counsel at the preliminary hearings. Furthermore, the trial court acted improperly when it dismissed charges against Bowman with prejudice without a showing of demonstrable prejudice against Bowman.

¶ 19 Reversed and remanded for proceedings consistent with this opinion. Jurisdiction relinquished.