J-S67021-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SCOTT A. VENANZIO | |
| Appellee | No. 485 WDA 2014 |

Appeal from the Order Entered March 26, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-MD-0000044-2014

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 17, 2015**

The Commonwealth appeals from the March 26, 2014 order dismissing Appellee, Scott A. Venanzio's, indirect criminal contempt (ICC) charge without prejudice. After careful review, we quash this appeal.

The certified record reveals the following relevant procedural history of this case. Appellee was the subject of a Protection from Abuse Act (PFA) order, proscribing most types of contact with his wife, the PFA complainant.[1] On December 27, 2013, police responded to a 911 call, reporting an alleged assault and a violation of the PFA order. Affidavit of Probable Cause, 1/3/14. The responding officers interviewed but did not arrest Appellee that evening.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 23 Pa.C.S.A. §§ 6101-6122.

Instead, on January 3, 2014, the Commonwealth filed a complaint charging Appellee with ICC for violating the PFA order.[2]  Criminal Complaint, 1/3/14. A warrant was issued for Appellee's arrest, and he turned himself in on January 15, 2014.  Thereafter, the trial court scheduled a hearing on the charge for January 22, 2014.  Trial Court Order, 1/17/14.  At the hearing, the trial court granted defense counsel's request for a continuance in order to research whether the Commonwealth complied with 23 Pa.C.S.A. § 6113(f).[3]  Subsequently, on March 5, 2014, the trial court issued an opinion and order dismissing the charge against Appellee, without prejudice for the Commonwealth to refile.  Trial Court Opinion, 3/5/14, at 5; Trial Court Order, 3/26/14.[4]  The Commonwealth did not refile the charge.  This timely appeal followed.[5]

_____

[2] 23 Pa.C.S.A. § 6113.

[3] Section 6113(f) provides, in relevant part, "[a] hearing shall be scheduled within ten days of the filing of the charge or complaint of indirect criminal contempt."  23 Pa.C.S.A. § 6113(f).

[4] The trial court issued an order contemporaneously with its opinion which dismissed the "[i]ndirect [c]riminal [c]omplaint charge with prejudice."  Trial Court Order, 3/5/14.  The description accompanying the filing of the order on the docket, however, indicates the dismissal is "without prejudice."  On March 26, 2014, the trial court amended the order, citing a typographical error, to read, "without prejudice."  Amended Trial Court Order, 3/26/14.

[5]  The Commonwealth filed its notice of appeal on March 27, 2014 from the trial court's order of March 5, 2014.  Thereafter, on April 4, 2014, the Commonwealth filed a petition to amend its notice appeal to reflect the March 26, 2014 amended order.  This Court granted the Commonwealth's petition. *Per Curiam* Order, 5/12/14.
*(Footnote Continued Next Page)*

On appeal, the Commonwealth raises the following issue for our review.

> Does the Section 6113(f) "10-Day" time period to schedule an indirect criminal contempt of court hearing begin running before the court has acquired personal jurisdiction of the defendant?

Commonwealth's Brief at 4.[6]

Before addressing the Commonwealth's issue, we must first determine if the appeal is properly before us, as "[w]e do not have jurisdiction over non-appealable orders." **Commonwealth v. Frey**, 41 A.3d 605, 609 (Pa. Super. 2012) (citation omitted), *appeal denied*, 65 A.3d 413 (Pa. 2013). "The Pennsylvania Rules of Appellate Procedure … delineate appealable orders as final orders (Pa.R.A.P. 341); interlocutory orders as of right (Pa.R.A.P. 311); interlocutory orders by permission (Pa.R.A.P. 312); and collateral orders (Pa.R.A.P. 313)." **Commonwealth v. Mitchell**, 72 A.3d 715, 717 (Pa. Super. 2013) (citation omitted). In this case, the trial court dismissed the charge "without prejudice." Trial Court Order, 3/26/14. The

*(Footnote Continued)* ―――――――――――――

The docket does not reflect the trial court ordered the Commonwealth to file a concise statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). However, the trial court filed a "decree pursuant to Rule 1925(a)" stating the reasons for its decision appear in the opinion of the court, dated March 4, 2014, and the order, dated March 24, 2014 (filed March 5, 2014 and March 26, 2014, respectively). Trial Court Decree, 7/2/14.

[6] Appellee has not filed an appellate brief in this matter.

Commonwealth asserts the order appealed from is a final order pursuant to 42 Pa.C.S.A. 742 (conferring jurisdiction on the Superior Court over final orders from the courts of common pleas). Commonwealth's Brief at 1.

When reviewing the appealability of a trial court dismissing charges without prejudice, we consider the nature of the defect resulting in dismissal. "[I]f the defect which precipitated the dismissal may be cured by the Commonwealth, a subsequent appeal to this Court is considered interlocutory." **Commonwealth v. Bowman**, 840 A.2d 311, 314 (Pa. Super. 2003) (citation omitted). "[O]n the other hand, if the defect which requires the dismissal of charges is incurable, then the order dismissing the charges is final, and appellate review is proper."[7] **Commonwealth v. Waller**, 682 A.2d 1292, 1294 (Pa. Super. 1996) (citation omitted). Our

---

[7] Our Supreme Court previously held the dismissal of a charge for failure to bring that charge within five days of an appellant's release from custody, pursuant to former Pennsylvania Rule of Criminal Procedure 130(d), was an incurable defect for which the proper remedy was appeal. **Commonwealth v. La Belle**, 612 A.2d 418, 420 (Pa. 1992). We conclude **La Belle** is distinguishable. Former Rule 130(d) provided the equivalent of a statute of limitations for filing a charge in cases of a warrantless arrest of the defendant. **Id.** Section 6113(f), by contrast, deals only with the timing of the scheduling of a hearing for a defendant already charged. 23 Pa.C.S.A. § 6113. In the former circumstance, no act by the Commonwealth could retrospectively remedy the failure of the Commonwealth to charge the defendant within five days of his release from custody. In the latter circumstance, at issue in the instant case, Appellee's hearing was not scheduled within ten days of the filing of the criminal complaint. Because this defect is not the equivalent of the Commonwealth failing to charge Appellee within the statute of limitations, we conclude it is curable by refiling the charges and complying with the scheduling timeline of Section 6113(f).

Supreme Court has held that the Commonwealth's avenue for relief when a complaint has been dismissed is to refile the criminal complaint before the statute of limitations has expired.[8] *Id.* (citation omitted).

Instantly, the Commonwealth asserts the dismissal of the charge is an appealable, final order. Commonwealth Brief at 1. No argument is advanced on behalf of the Commonwealth that there is any impediment to the Commonwealth refiling charges against Appellee and complying with the ten-day rule for scheduling a contempt hearing. *See* 23 Pa.C.S.A. § 6113(f). Consequently, we conclude the Commonwealth is able to cure the defect precipitating the instant dismissal by refiling the criminal charge against Appellee and complying with the time requirements of Section 6113(f). *See Bowman*, *supra*. Accordingly, we quash the appeal.

Appeal quashed.

Judge Donohue joins the majority.

Justice Fitzgerald concurs in the result.

_____

[8] We note the dismissal of the charge occurred prior to any presentment of evidence against Appellee, and thus, jeopardy had not attached. *Commonwealth v. Ball*, 97 A.3d 397, 400 (Pa. Super. 2014).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2015