**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JODY GORDON, | : | |
| | : | |
| Appellant | : | No. 1427 MDA 2018 |

Appeal from the PCRA Order Entered August 6, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005473-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JODY GORDON, | : | |
| | : | |
| Appellant | : | No. 1429 MDA 2018 |

Appeal from the PCRA Order Entered August 6, 2018
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001636-2012

BEFORE:    LAZARUS, J., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 20, 2020**

Jody Gordon (Appellant) appeals from the August 6, 2018 order, dismissing in part his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Upon review, we affirm.

We set forth the relevant factual and procedural history. After Appellant was observed engaging in drug-related transactions on four

*Retired Senior Judge assigned to the Superior Court.

separate occasions with two different confidential informants (CIs), Trooper Shawn Wolfe of the Pennsylvania State Police obtained a search warrant for Appellant's residence. As police prepared to execute the search warrant, Appellant was seen entering his residence. A few minutes later, Appellant exited the residence and got into the driver's seat of the same silver Mitsubishi that had been seen at all four drug transactions. Police blocked the vehicle. Appellant attempted to flee on foot, but was apprehended by Trooper Wolfe.

After being taken into custody, Appellant was searched, and Trooper Wolfe recovered, *inter alia*, marijuana and crack cocaine. During a subsequent search of the vehicle, police recovered a Taurus 9mm handgun under the driver's seat. In addition, police executed the search warrant upon Appellant's residence, where they found drugs, drug paraphernalia, and other indicia of drug-related activity. Appellant's wife and co-defendant, Etienne Gordon (Gordon), was present when the police entered the residence to perform the search. According to Gordon, the police did not comply with the "knock and announce rule" prior to entering the residence.[1]

---

[1] Briefly, the knock and announce rule, codified at Pa.R.Crim.P. 207, "requires that police officers announce their identity, purpose and authority and then wait a reasonable amount of time for the occupants to respond prior to entering any private premises." **Commonwealth v. Frederick**, 124 A.3d 748, 754 (Pa. Super. 2015) (citation and footnote omitted).

The Commonwealth charged Appellant at criminal information CP-67-CR-0001636-2012 (Drug Case)[2] with numerous crimes, including drug-related and firearms-related charges, based upon the aforementioned incidents. On June 11, 2012, Appellant filed a pretrial motion to suppress the evidence obtained from Appellant's person and a petition for a writ of *habeas corpus* to dismiss the charges based on a violation of Pa.R.Crim.P. 544.[3] The trial court held a hearing on the motions on July 23, 2012. As this Court explained during Appellant's direct appeal,

> [w]hen the merits of the motion [to dismiss] were argued, the Commonwealth represented that Trooper Wolfe would testify that he was authorized to refile the charges. The Commonwealth admitted to a technical violation of Rule 544(A), but disputed that dismissal of the case was the proper remedy. The Commonwealth suggested that, rather than remanding the matter to the magisterial district judge, the trial court could conduct the preliminary hearing. Although Appellant reasserted his argument that Rule 544 had been violated and the appropriate remedy was a remand, he agreed with the Commonwealth that the trial court could proceed with the

---

[2] A magisterial district judge dismissed the charges at a preliminary hearing and Trooper Wolfe later refiled them.

[3] Appellant claimed a violation of Rule 544 because the police refiled charges without prior written approval from the district attorney's office. "The rule states that, 'when charges are dismissed or withdrawn at, or prior to a preliminary hearing, the attorney for the Commonwealth may reinstitute the charges by approving, in writing, the refiling of a complaint with the issuing authority who dismissed or permitted the withdrawal of the charges.'" **Commonwealth v. Bowman**, 840 A.2d 311, 315 (Pa. Super. 2003) (quoting Pa.R.Crim.P. 544(a)). However, the comment to Rule 544 "makes it clear that the approval to reinstitute charges by the attorney for the Commonwealth is only required when no attorney for the Commonwealth was present at the preliminary hearing." **Id.** at 316-17 (footnote omitted).

preliminary hearing at that time. The trial court then denied the motion for dismissal, consolidated the *habeas corpus* motion with the motion to suppress, and proceeded with the hearing.

Trooper Wolfe was the sole witness presented by the Commonwealth at the hearing. The officer testified to his participation in the four controlled-buy transactions involving Appellant and to the facts surrounding Appellant's arrest and search. He also detailed the circumstances surrounding the execution of the search warrant of [the residence]. At the conclusion of the testimony, Appellant's counsel issued the following statement: "Your Honor, taking this as a [*habeas corpus*], I believe from what was presented, there would be enough to satisfy the burden to have us go forward." N.T.[, 7/23/2012], at 41. When the trial court questioned whether counsel was acknowledging the relatively low threshold of evidence required to proceed with the criminal case, counsel replied: "I'm not going to insult your intelligence and say there is no evidence." *Id.* at 42. Citing counsel's concession that sufficient evidence supported a *prima facie* case against Appellant, the trial court dismissed the motion for *habeas corpus*.

*Commonwealth v. Gordon*, 116 A.3d 679 (Pa. Super. 2014) (unpublished memorandum at 13-14) (some citations omitted). The trial court also denied the motion to suppress.

On July 5, 2013, Appellant moved to sever the firearms-related charges from the Drug Case. On July 8, 2013, that motion was granted, and the same day, the Commonwealth filed a new criminal information at CP-67-CR-0005473-2013 (Firearm Case), charging Appellant with receiving stolen property and unlawful possession of a firearm.

The Drug Case was tried before a jury, and Appellant was found guilty of four counts of delivery of cocaine, one count of possession of cocaine with

intent to deliver (PWID), and two counts of criminal conspiracy. On November 1, 2013, Appellant was sentenced to an aggregate term of 5 to 10 years of incarceration.

A separate jury found Appellant guilty as charged in the Firearm Case. On July 27, 2014, Appellant was sentenced in that case to an aggregate term of 5 to 10 years of incarceration, to be served consecutive to the period of incarceration imposed at the Drug Case.[4]

On December 4, 2014, a panel of this Court affirmed Appellant's judgment of sentence in the Drug Case. **Gordon**, 116 A.3d 679 (unpublished memorandum) (reviewing challenges to weight of the evidence and denials of motion to suppress and petition for writ of *habeas corpus*). On August 21, 2015, a panel of this Court affirmed Appellant's judgment of sentence in the Firearm Case. **Commonwealth v. Gordon**, 131 A.3d 99 (Pa. Super. 2015) (unpublished memorandum) (reviewing challenges to the sufficiency and weight of the evidence). Appellant did not file a petition for allowance of appeal to our Supreme Court in either case.

---

[4] Appellant had an additional case docketed at CP-67-CR-0003491-2013 (Third Case). In that case, Appellant pleaded guilty to PWID and persons not to possess a firearm, in exchange for the remaining charges at that information being *nolle prossed*. On September 14, 2014, Appellant was sentenced to a term of 5 to 10 years of incarceration in the Third Case, to be served consecutive to the term of incarceration imposed in the Firearm Case. Appellant did not file a direct appeal from that judgment of sentence.

On September 24, 2015, Appellant timely filed *pro se* a PCRA petition in the Third Case. On December 8, 2015, Appellant timely filed *pro se* a PCRA petition in the Drug Case. On January 27, 2016, Appellant timely filed *pro se* a PCRA petition in the Firearm Case. On April 21, 2017, Attorney Richard Robinson was appointed as counsel for Appellant for all three cases and filed an amended PCRA petition. Appellant claimed, *inter alia*, that the sentencing court imposed illegal sentences and his trial attorneys rendered ineffective assistance for failing to (1) file a motion to dismiss the Drug Case and Firearm Case pursuant to Pa.R.Crim.P. 544; (2) convey a global plea offer of 5 to 10 years of incarceration for the Drug Case and Firearm Case; (3) file a motion to suppress based on a violation of the knock and announce rule in the Drug Case and Firearm Case; (4) have the firearm tested for DNA/fingerprints in the Firearm Case; and (5) withdraw from representation due to a conflict of interest in the Drug Case.

On July 24, 2017, a single PCRA hearing was held with respect to all three lower court dockets. The PCRA court heard testimony from Appellant; Gordon; Attorney Ronald Jackson, who represented Gordon; Attorney Ronald Gross, who represented Appellant on the Drug Case through trial and on the Firearm Case prior to severance; and Attorney George Margetas, who represented Appellant on the Drug Case on appeal, on the Firearm Case post-severance, and on the Third Case. At the end of the hearing, the PCRA

- 6 -

court permitted both Appellant and the Commonwealth to file supplemental memoranda.

On August 1, 2018, a second hearing was held. In the Drug Case, the PCRA court vacated Appellant's sentence of 5 to 10 years of incarceration for PWID and resentenced Appellant to 3½ to 7 years of incarceration.[5] N.T., 8/1/2018, at 3, 5-6. In the Firearm Case, the PCRA court granted Appellant's request for time credit. *Id.* at 3, 6-7. Thereafter, crediting the testimony of Attorneys Gross and Margetas, the PCRA court dismissed Appellant's remaining PCRA claims. *Id.* at 7; PCRA Court Order and Opinion, 8/6/2018.[6]

On August 27, 2018, Appellant filed three notices of appeal, each listing all three docket numbers.[7] On September 6, 2018, this Court *sua*

---

[5] All parties agreed Appellant's mandatory minimum sentence of 5 to 10 years in the Drug Case for PWID, based on 42 Pa.C.S. § 9712.1, was illegal in light of *Alleyne v. United States*, 570 U.S. 99 (2013).

[6] Though dated August 1, 2018, the order was docketed on August 6, 2018.

[7] When Appellant filed his notice of appeal, it was not yet the practice of this Court to issue rule-to-show-cause orders for potential non-compliance with Pa.R.A.P. 341 and *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) (holding that notices of appeal filed after June 1, 2018 must be quashed if the appellant fails to file separate notices of appeal from a single order resolving issues arising on more than one lower court docket). Thus, none was filed and the parties have not addressed the issue on their own initiative. Nonetheless, we must address *sua sponte* this Court's jurisdiction pursuant to *Walker*.

A notice of appeal appears in each docket below for the three cases. Each notice of appeal bears a reference to all three docket numbers, and is identical except for different timestamps. Upon their filing below, the notices
*(Footnote Continued Next Page)*

*sponte* consolidated these cases. On October 4, 2018, this Court granted Appellant's request to discontinue the appeal in the Third Case. Thereafter, Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Appellant argues the PCRA court erred in dismissing his four claims of ineffective assistance of counsel in the Drug Case and four claims of ineffective assistance of counsel in the Firearm Case,[8] and for not imposing a new fine in the Drug Case at resentencing. Appellant's Brief at 4.

*(Footnote Continued)* ───────────────

of appeal were forwarded to this Court and assigned individual docket numbers (1427 WDA 2018 (Drug Case), 1428 WDA 2018 (Third Case), and 1429 WDA 2018 (Firearm Case)). Although the notices of appeal are copies of each other, each bears an independent time stamp. Based on the record before us, we conclude Appellant complied with the mandates of **Walker** by filing three notices of appeal from three lower court docket numbers. **See Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) (holding "[t]he fact that each notice of appeal listed [multiple] docket numbers does not invalidate [the] notices of appeal"); **id.** at 1148 n.9 (distinguishing the quashal in **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019), because "Creese's attorney admitted to only filing one notice of appeal in violation of **Walker**, and the clerk"). Accordingly, we do not quash these appeals.

[8] Specifically, Appellant claims that counsel was ineffective for (1) failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 544 in both the Drug Case and the Firearm Case; (2) failing to convey a global plea offer in both the Drug Case and the Firearm Case; (3) failing to file a suppression motion in both the Drug Case and the Firearm Case; (4) failing to have the firearm tested for DNA/fingerprints in the Firearm Case; and (5) representing Appellant despite a conflict of interest in the Drug Case. **See** Appellant's Brief at 4. Although Appellant raises eight claims pertaining to ineffective assistance of counsel in his statement of questions, we address them together, as outlined herein, because the claims are interrelated, Appellant incorporates the same arguments for claims spanning both cases, and for ease of disposition.

- 8 -

We begin with our standard of review.

> This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record and we do not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. Similarly, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. Finally, we may affirm a PCRA court's decision on any grounds if the record supports it.

*Commonwealth v. Benner*, 147 A.3d 915, 919 (Pa. Super. 2016) (quoting

*Commonwealth v. Perry*, 128 A.3d 1285, 1289 (Pa. Super. 2015)).

Because most of Appellant's claims challenge the effectiveness of trial

counsel, we also consider the following.

> The law presumes counsel has rendered effective assistance. In general, to prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable strategic basis for his action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Postie*, 200 A.3d 1015, 1022-23 (Pa. Super. 2018) (*en*

*banc*) (citations, footnote, and quotation marks omitted). "A failure to satisfy

any prong of the ineffectiveness test requires rejection of the claim of

ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).

Ineffective Assistance of Counsel:<br>Motion to Dismiss in Drug Case and Firearm Case

Appellant first argues that the PCRA court erred in dismissing his claims that counsel was ineffective in the Drug Case and the Firearm Case for failing to file a motion to dismiss pursuant to Pa.R.Crim.P. 544. ***See*** Appellant's Brief at 10, 15. Despite this claim, the record reveals, as detailed hereinabove, that counsel filed a motion to dismiss on the basis of Pa.R.Crim.P. 544 prior to the cases being severed, that the trial court denied that motion after a hearing, and that this Court affirmed the denial of that motion.[9] It is beyond question that counsel cannot render ineffective assistance for failing to do something that counsel, in fact, did. Accordingly, the PCRA court did not err in dismissing these claims.

Ineffective Assistance of Counsel:<br>Global Plea Offer in Drug Case and Firearm Case

Next, Appellant argues that counsel rendered ineffective assistance by failing to communicate a global plea offer of five to ten years of incarceration

---

[9] Specifically, we held that Appellant's concession that the evidence was sufficient to establish a *prima facie* case foreclosed any argument that the trial court's denial of the motion to dismiss was an abuse of discretion. We also noted "Appellant should have sought permission to take an immediate appeal pursuant to 42 Pa.C.S. § 702(b) to properly contest the denial of his request for *habeas corpus* relief." ***Gordon***, 116 A.3d 679 (unpublished memorandum at 15 n.4), *citing* ***Commonwealth v. Bibbs***, 970 A.2d 440, 452 (Pa. Super. 2009).

for the Drug Case and Firearm Case because he would have accepted such an offer. Appellant's Brief at 10, 16.

In dismissing these claims, the PCRA court credited the testimony of Attorneys Gross and Margetas, who "testified that the offer related to them was for 10-20 years of incarceration and, additionally, both counsel agreed that a 5-10 year offer from [the Commonwealth] would not have been typical. [] They could not communicate an offer they did not receive." PCRA Court Opinion, 8/6/2018, at 4.

At the PCRA hearing, Attorney Gross testified that Appellant would not accept any offers for more than two years, and that the Commonwealth offered a global plea offer of 10 to 20 years, or 5 to 10 years solely on the Drug Case. N.T., 7/24/2017, at 74-75. Attorney Margetas confirmed that the plea offer was for 10 to 20 years. *Id.* at 85. Contrarily, Appellant testified that Attorney Gross misunderstood the offer because after Appellant was convicted in the Drug Case the assistant district attorney stated that the offer was 5 to 10 years for everything. *Id.* at 12-13. In response to Appellant's assertion, Attorney Gross maintained there was no way the assistant district attorney made such an offer based on the Commonwealth's handling of the cases, and Attorney Margetas confirmed that assessment. *Id.* at 75, 85-86.

"A PCRA court's credibility findings are to be accorded great deference. Indeed, where the record supports the PCRA court's credibility

determinations, such determinations are binding on a reviewing court." ***Commonwealth v. Dennis***, 17 A.3d 297, 305 (Pa. 2011) (citations omitted). Upon review, we conclude that the PCRA court's credibility determinations are supported by the record. Accordingly, the PCRA court did not err in dismissing these claims.

Ineffective Assistance of Counsel:
Motion to Suppress in Drug Case and Firearm Case

Appellant next argues that the PCRA court erred in dismissing his claims that counsel was ineffective for failing to file a motion to suppress in the Drug Case and Firearm Case based upon a violation of the knock and announce rule. Appellant's Brief at 11-12, 17.

At the PCRA hearing, Gordon and Attorney Jackson testified that they filed a motion to suppress the evidence obtained from the search of the residence in her case based on the alleged violation of the knock and announce rule, and that the trial court denied the motion. N.T., 7/24/2017, at 62-63; 65-66. Based on that denial, Attorney Gross testified that he believed pursuing the same type of suppression motion in Appellant's case would have been pointless. ***Id.*** at 71. In dismissing these claims, the PCRA court concluded as follows.

> Attorney Gross' actions did not lack a reasonable basis as he testified that [Appellant's] co[-]defendant had already been unsuccessful in challenging the supposed violation of knock-and-announce, in challenging the warrant as deficient, and in challenging the search warrant as lacking probable cause. As the [c]ourt strives for consistency in rulings, Attorney Gross cannot

- 12 -

be found to have been ineffective for correctly gauging the futility of filing a frivolous motion. Attorney Gross' actions were utterly prudent in this regard. And there was no prejudice where we have stated that success would not have ensued from filing the motions.

PCRA Court Opinion, 8/6/2018, at 6. Upon review, the PCRA court's credibility determinations and findings are supported by the record. Accordingly, the PCRA court did not err in dismissing these claims.

Ineffective Assistance of Counsel: Testing Firearm in Firearm Case

Appellant next argues that the PCRA court erred in dismissing his claim that Attorney Margetas rendered ineffective assistance in failing to test the firearm for DNA or fingerprints. Appellant's Brief at 8-10.

At the PCRA hearing, Attorney Margetas testified that he did not test the firearm for fingerprints or DNA because he is "a firm believer [] that less is best, and if the Commonwealth didn't do it and they are trying to prove their case, it's on them." N.T., 7/24/2017, at 86. Thus, part of his trial strategy was to create reasonable doubt by showing what the Commonwealth failed to do. *Id.* In dismissing this claim, the PCRA court credited Attorney Margetas' testimony, explaining as follows.

Attorney Margetas' chosen strategy, in a case of constructive possession, was to paint the authorities as inept for failing to do a thorough investigation – a perfectly reasonable strategy. The alternative strategy proffered was to do DNA and fingerprint testing to show that the gun was not [Appellant's]. We fail to see how this provided an opportunity for success vastly improved from the strategy actually employed by [counsel]. Absence of [Appellant's] DNA or fingerprints would have established that [Appellant's] DNA and [f]ingerprints were absent and nothing

more. True, if another individual's DNA or fingerprints were found on the gun then a jury would have, assuredly, been more likely to find [Appellant] not guilty. However, [Appellant] has not presented [any] DNA or fingerprint evidence related to the gun. Thus, we cannot presume that someone else's DNA or fingerprints would have been found on the gun or that [Appellant's] would not have been found there. With the evidence in hand, Attorney Margetas pursued a typical and effective strategy. Many juries have acquitted defendants where it seemed that investigators were sloppy or lazy. We see no greater chance of success in having applied for and then waited for the results of the gun to be tested. …

… It was a constructive possession case and the jury believed that [Appellant] had the power and intent to control the firearm. A lack of DNA or fingerprints can be easily explained by luck and/or concealment. The jury still could have found that, under the circumstances presented to them, the firearm belonged to [Appellant]. Thus, [Appellant] has failed to satisfy two of the three prongs of the test for ineffectiveness and garners no relief as a result.

PCRA Court Opinion, 8/6/2018, at 7. Upon review, the record supports the PCRA court's findings, and we discern no error in the PCRA court's dismissal of this claim.

### Ineffective Assistance of Counsel: Conflict of Interest in Drug Case

Appellant's last claim of ineffective assistance of counsel concerns Attorney Gross' representation in the Drug Case despite a conflict of interest due to having represented the CI previously. Appellant's Brief at 16-17.

At the PCRA hearing, Attorney Gross testified that he notified Appellant when he learned of the potential conflict of interest. After discussing the issue, Appellant "vehemently opposed" Attorney Gross withdrawing as counsel and Appellant signed a waiver of conflict. N.T., 7/24/2017, at 73.

- 14 -

Appellant acknowledged signing the waiver, but testified that he did not understand the situation and only signed the waiver on the advice of Attorney Gross. *Id.* at 49. In dismissing this claim, the PCRA court explained as follows.

> The evidence adduced during the PCRA hearing showed that [Appellant] was aware during the course of his case that Attorney Gross had represented the CI. Attorney Gross discussed the risks of his continued representation of [Appellant] with [Appellant]. [Appellant] agreed to waive the conflict and did so in writing. Attorney Gross' actions did not lack a reasonable basis as there was no alternative strategy with a greater chance of success. Attorney Gross did his duty and informed [Appellant] of the risks and [Appellant] waived the conflict. There was no prejudice to [Appellant] because the CI never even testified against [Appellant] and because we do not see how the outcome of the case would have been any different had there been a different counsel.

PCRA Court Opinion, 8/6/2018, at 4-5. Upon review, the record supports the PCRA court's findings and credibility determinations, and we discern no error in the court's decision to dismiss this claim.

## Imposition of Fine

Finally, Appellant argues that "the previous maximum fine should also have been vacated and a non-mandatory or no fine imposed" at his resentencing in the Drug Case. Appellant's Brief at 17.[10] The PCRA court expressed confusion regarding this claim in its Pa.R.A.P. 1925(a) opinion.

---

[10] The Commonwealth agrees with Appellant that the PCRA court neither imposed a new fine nor did the Commonwealth seek a new fine, and therefore Appellant should not be liable for the fine imposed in the Drug

*(Footnote Continued Next Page)*

> It is the understanding of this court that when a sentence is vacated then, at resentencing, the resentencing judge should start afresh. Thus, to our understanding, whatever mandatory fine that might have originally been imposed was vacated along with the rest of the mandatory minimum sentence as being odious to our common law per **Alleyne, supra**. As we did not impose a new fine and because the Commonwealth did not assert any right to one, we do not believe there is or can now be a fine imposed on [] Appellant in regards to the count in [the Drug Case] on which he was resentenced on August 1, 2018.

PCRA Court Opinion, 12/14/2018, at 4 (unnecessary capitalization and some citations omitted).

Our review of the record indicates that Appellant's original mandatory minimum sentence for PWID included a $10,000 fine. N.T., 11/1/2013, at 10; Sentencing Form, 12/6/2013, at 3-4. At resentencing, the PCRA court vacated Appellant's sentence for PWID in its entirety, and did not impose a new fine. **See** Amended Sentencing Form, 8/8/2018 (listing amount of fines and balance of fines as $0); N.T., 8/1/2018, at 5-6 (vacating 5 to 10 year sentence and imposing new sentence of three and one half to seven years; no mention of fines). Accordingly, because the record indicates that Appellant's original fine was vacated and no new fine was imposed, he has already received the relief he requests.

_(Footnote Continued)_ ———————————

Case. Commonwealth's Brief at 26. As discussed _infra_, no fine was imposed at Appellant's resentencing.

Based on the foregoing, we conclude the PCRA court did not err in dismissing Appellant's PCRA petitions, and we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020