J-S37015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH MCKELVAY | : | No. 1207 EDA 2024 |

Appeal from the Order Entered April 24, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002119-2023

BEFORE:  BOWES, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED NOVEMBER 26, 2024**

The Commonwealth of Pennsylvania appeals from the order granting Keith McKelvay's ("Appellee") motion to dismiss the criminal information due to its failure to timely file a criminal complaint.  We reverse and remand for further proceedings.

On September 16, 2022, Pennsylvania State Trooper Shawn Jones was dispatched to the scene of a motor vehicle collision where Appellee rear-ended another vehicle.  Trooper Jones detected an odor of alcohol and observed that Appellee seemed sleepy and was speaking in a low, raspy voice.  Appellee refused to participate in field sobriety testing due to possible injuries from the accident.  The trooper placed Appellee in custody for suspected driving under the influence ("DUI") and transported him to the local hospital for a blood

draw. He was released from police custody that night after refusing the blood test.

By criminal complaint filed ten months later on July 19, 2023, the Commonwealth charged Appellee with DUI graded as a first-degree misdemeanor, careless driving, following too closely, and driving with a suspended or revoked license. A preliminary hearing was scheduled, but Appellee failed to appear.

As Appellee did not appear at the preliminary hearing, he was arrested on a bench warrant and imprisoned for four days. During that brief period of incarceration, Appellee's roommate and his landlord evicted him, and his employer reprimanded him for missing a scheduled work shift. At the second preliminary hearing, at which Appellee did appear, he objected to the prosecution of the underlying DUI and related motor vehicle violations on the basis that he was prejudiced by the Commonwealth's ten-month delay in filing a criminal complaint.

Appellee later filed the instant motion to dismiss the criminal charges pursuant to Pa.R.Crim.P. 519. After a hearing on the motion, wherein Appellee and Trooper Jones testified, the trial court issued an order granting Appellee's motion and dismissing all charges. The Commonwealth appealed and filed a Pa.R.A.P. 1925(b) statement, to which the trial court issued a responsive Rule 1925(a) opinion. The following issues are presented for our disposition:

A. Did the [trial court] err as a matter of law and abuse its discretion in finding that [Appellee's] eviction, employment reprimand, and incarceration on a bench warrant constituted prejudice under Pa.R.Crim.P. 519 (Rule 519) that warranted dismissal of the charge[s]?

B. If these events did constitute prejudice under the law, did the [trial court] err as a matter of law and abuse its discretion in finding a direct nexus in the harm suffered and the delay in filing charges?

Commonwealth's brief at 8-9.

We begin with the general principles that guide our review. In an appeal of an order that dismissed charges based on a violation of Rule 519, we have explained:

> Our scope of review is limited primarily to questions of law. We are bound by the [trial] court's findings of fact, if those findings are supported by the record. In determining whether the findings of fact are supported by the record, we are to consider only the evidence of the appellees and so much of the evidence of the appellant which, as read in the context of the record as a whole, remains uncontradicted. It is for the [trial] court as the trier of fact, rather than the reviewing court, to determine credibility.
>
> However, we are not bound by findings wholly lacking in evidence. Nor are we bound by the [trial] court's conclusions of law.

***Commonwealth v. Douglass***, 539 A.2d 412, 414-15 (Pa.Super. 1988) (cleaned up).

Rule 519 provides, in relevant part, as follows:

**(B) Release**

(1) The arresting officer shall promptly release from custody a defendant who has been arrested without a warrant, rather than taking the defendant before the issuing authority, when the following conditions have been met:

- 3 -

(a) the most serious offense charged is a misdemeanor of the second degree or a misdemeanor of the first degree in cases arising under 75 Pa.C.S. § 3802;

(b) the defendant poses no threat of immediate physical harm to any other person or to himself or herself; and

(c) the arresting officer has reasonable grounds to believe that the defendant will appear as required.

(2) When a defendant is released pursuant to paragraph (B)(1), a complaint shall be filed against the defendant within [five] days of the defendant's release. Thereafter, the issuing authority shall issue a summons, not a warrant of arrest, and shall proceed as provided in Rule 510.

Pa.R.Crim.P. 519.

Even if a criminal complaint is not filed within five days of the defendant's release under Rule 519, the defendant must prove that he was prejudiced by the delay to warrant dismissal. Pursuant to Pa.R.Crim.P 109:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

Instantly, the purported defect was the Commonwealth's failure to file the criminal complaint within the constraints of Rule 519. Where a defendant does not demonstrate that he was prejudiced by the delay, dismissal is inappropriate. *See Commonwealth v. Wolgemuth*, 737 A.2d 757 (Pa.Super. 1999). Indeed, we have stated, "[g]iven the public policy goal of

protecting the public from criminal conduct, a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and **where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed**." *Commonwealth v. Bowman*, 840 A.2d 311, 317 (Pa.Super. 2003) (emphasis added).

The Commonwealth argues that the trial court erred and abused its discretion in concluding that Appellee was prejudiced by the delayed criminal complaint because of his bench warrant arrest and incarceration, job reprimand, and eviction. The Commonwealth asserts that "[t]he events that befell [Appellee] are not those that the court intended to be considered prejudice in terms of late filings under Rule 519." Commonwealth's brief at 11. Appellee responds that "[t]he interferences in Appellee's personal and professional life are the same type of harm" that this Court found to be prejudicial, relying on *Commonwealth v. Bozarth*, 2017 WL 3054834 (Pa.Super. 2017) (unpublished memorandum).[1] Appellee's brief at 11. The crux of the parties' respective arguments concern what can suffice as prejudice.

_____

[1] Appellee cites unpublished memorandum decisions to make his point about the comparative significance of the delay in this case. However, Pa.R.A.P. 126(a) prohibits a party from citing, and this Court from considering, unpublished memoranda filed before May 1, 2019, for any reason except enumerated situations that do not apply here. Thus, rather than address the cases that Appellee cited in violation of our appellate rules, we rely on the authoritative and persuasive precedent outlined in the body of this memorandum.

The trial court applied **Commonwealth v. Schimelfenig**, 522 A.2d 605 (Pa.Super. 1987), in concluding that the negative consequences Appellee suffered because of the bench warrant amounted to a showing of prejudice that warranted the dismissal of all charges. **See** Trial Court Order, 4/24/24, at ¶¶ 9-10. In **Schimelfenig**, this Court established that it is not enough that a criminal complaint was filed, but a defendant must also prove he was prejudiced by the delay under former Rule 150, now Rule 109. The Court declared that a fifty-five-day delay in filing a criminal complaint after release "should not be tolerated," but emphasized that a defendant must still prove prejudice before dismissal is appropriate. **Schimelfenig**, 522 A.2d at 613. Our Supreme Court quoted the analysis in **Schimelfenig** with authority in **Commonwealth v. Revtai**, 532 A.2d 1 (Pa. 1987). In **Revtai**, the High Court conducted a consolidated review of five cases where the defendants had their charges dismissed because their criminal complaints were filed after the five-day deadline. The **Revtai** Court confirmed that a defendant must prove that he was prejudiced by the delay in order to warrant dismissal and remanded for hearings on those cases where the complaint was filed beyond the fifth day. Although **Schimelfenig** and **Revtai** espoused that a defendant must prove prejudice before dismissal, neither case defined what harm will suffice as prejudicial.

This Court subsequently addressed the question of prejudice flowing from a Rule 519 violation in **Commonwealth v. Enyeart**, 281 A.3d 1039,

2022 WL 1789264 (Pa.Super. 2022) (non-precedential decision). Therein, the defendant was arrested for suspected DUI and released that same night. The Commonwealth filed a criminal complaint thirty-one days after his release. Enyeart argued, *inter alia*, that he was prejudiced by the delay because the surveillance footage from the bar above which he lived might have shown that he had walked rather than driven, but it was deleted after seven days. We concluded that Enyeart did not meet his burden of proving prejudice from the Rule 519 violation because he did not establish that the video surveillance system was set up such that it would have captured relevant footage. We reasoned that, after his arrest, Enyeart "knew his defense would have been that nobody saw him drive" and if he thought that the security footage would have aided him, "he had ample time after his arrest to secure it" and did not need the criminal complaint to do so. ***Id***. at *5. This Court concluded that he "failed to identify any alleged exculpatory evidence that existed in the five-day period after his release that he both could not have known he would need prior to the filing of the [c]riminal [c]omplaint and that would have been lost in the thirty-one day period prior thereto." ***Id***. at *5.

Herein, the trial court found that Appellee proved that he was prejudiced by the late filing of the criminal complaint because Appellee was arrested on the bench warrant, and the ensuing four-day incarceration led to his eviction

and job reprimand.[2]  This Court is not convinced, however, that the tangential personal and professional harms that befell Appellee are the prejudicial consequences that Rule 519 and Rule 109 seek to protect.  Rather, based on our caselaw, it appears that those rules of criminal procedure create a prophylactic measure that aims to safeguard the defendant's rights during the ensuing prosecution of the charges identified in the tardy criminal complaint.  *See e.g.*, **Bowman**, 840 A.2d at 317 ("a trial court should consider dismissal of charges where the actions of the Commonwealth are egregious and **where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed**") (emphasis added).  Phrased differently, to warrant dismissal, a defendant must prove that his criminal defense will be hindered by the delay if the charges are not dismissed.  Thus, the trial court erred in granting relief based upon Appellee's allegations of collateral personal harms that failed to imperil his criminal defense.

There is no question that the Commonwealth's extensive ten-month delay in filing the criminal complaint is egregious where Rule 519 imposes a five-day limitation.  The Commonwealth offered no excuse for the delay

---

[2] Significantly, Appellee's incarceration, job reprimand, and eviction were a direct result of his arrest on the bench warrant for failing to appear at the preliminary hearing as opposed to the untimely filing of the criminal complaint. While the trial court speculated that Appellee did not receive the summons for the preliminary hearing because it was mailed to Appellee's Florida address, Appellee neither asserted nor presented evidence to demonstrate that the delayed filing caused him not to receive the summons.  Hence, the certified record is bereft of any evidence to support the trial court's conjecture.

beyond stating that Trooper Jones was unaware of the rule, which is itself reprehensible. However, Rule 109 nonetheless requires that a defendant demonstrate prejudice and like the defendant in **Enyeart**, Appellee failed to establish that the delay affected his ability to defend against the DUI and motor vehicle charges. Indeed, Appellee advanced no argument that his criminal defense was hampered in any manner. He does not allege lost access to evidence or witnesses or assert that he has otherwise been deprived of a defense because of the delayed filing. Hence, the trial court committed an abuse of discretion in finding that Appellee demonstrated that dismissal was warranted pursuant to Rule 519 and Rule 109.

As the trial court erred in concluding that Appellee demonstrated prejudice based on the Commonwealth's delayed filing of the criminal complaint, we reverse the order granting the motion to dismiss the criminal information and remand the case for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/26/2024</u>